273 So.2d 218

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, a corporation**

v.

**Albin Judson CLEM, Sr. as Executor of the Estate of Mabel Clare Clem, Deceased.**

**Civ. 60.**

Court of Civil Appeals of Alabama.

Feb. 7, 1973.

458

Barksdale & Blizzard, Athens, for appellee.

Camp, Page, Williams & Spurrier, Huntsville, for appellant.

BRADLEY, Judge.

This is an appeal from a judgment of the Circuit Court of Limestone County awarding damages to the appellee-plaintiff in the amount of $10,000.00.

The action was commenced by the filing of a complaint seeking a recovery under the uninsured motorist coverage of a policy of insurance issued by appellant-defendant. Appellant's demurrer to the complaint was overruled and it pled in short by consent, etc. No jury was demanded and the case was submitted to the trial court on a written stipulation of facts with exhibits. After judgment there was an appeal to this court.

The three assignments of error question the judgment rendered in favor of appellee.

The facts show that Mabel Clare Clem, the wife of appellee A. J. Clem, was, on February 11, 1969, riding as a passenger in a 1963 Rambler owned and operated by Mrs. Willie D. Leonard. The car driven by Mrs. Leonard was involved in a collision on said day with an automobile operated by Joe D. Hines. Mrs. Clem and Mrs. Leonard died as a result of injuries received in the collision.

On the day in question, i. e., February 11, 1969, there was in effect a policy of insurance issued by appellant to A. J. Clem covering a 1965 Ford Falcon. The policy provided for uninsured motorist coverage

up to $10,000.00 per person. This coverage obligated the appellant to pay such sums as became due as a result of the recovery of damages from an owner or operator of an uninsured vehicle. This coverage contained, however, the following exclusion:

"EXCLUSIONS—INSURING AGREEMENT III

"This endorsement does not apply:

"(a) to bodily injury to an Insured, or care or loss of services recoverable by an Insured, with respect to which such Insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the Company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor . . . ."

There was also in existence on the day of the accident a policy of insurance issued by State Farm Fire and Casualty Insurance Company to Mrs. Leonard providing bodily injury liability, medical payments and uninsured motorist coverage.

On or about April 8, 1969 appellee filed an action in the Circuit Court of Limestone County against State Farm Fire and Casualty Insurance Company seeking to recover $10,000.00 under the uninsured motorist coverage and $1,000.00 under the medical payment coverage of the policy issued by said company to Mrs. Leonard.

It was alleged in this complaint that the liability for the accident rested with the uninsured motorist, Joe D. Hines.

On April 10, 1969 appellee received from State Farm $1,000.00 as medical payment benefits, $4,000.00 under the uninsured motorist coverage and $5,000.00 under the bodily injury liability coverage of said policy. In exchange for such sums, appellee executed a loan receipt for the $1,000.00 medical payment, a release and trust agreement for the $4,000.00 uninsured motorist payment, and a covenant not to sue the estate of Mrs. Willie D. Leonard plus a pro

tanto release discharging the estate of Mrs. Leonard from liability for the February 11, 1969 accident in exchange for the $5,000.00 payment made under the bodily injury liability provisions of said policy. It should be noted however that appellee in executing the covenant not to sue the estate of Mrs. Leonard expressly stated that said agreement not to sue was not to be construed as an admission by Mrs. Leonard of liability for the accident, but to the contrary was to be taken as a denial of liability.

On April 11, 1969 appellee dismissed his action against State Farm.

Beginning on June 23, 1969 appellee, through his attorney, wrote several letters to agents of the appellant claiming under the uninsured motorist coverage of the policy issued to him by appellant for the death of his wife and requesting permission to sue Joe D. Hines, the uninsured motorist involved in the collision with Mrs. Leonard's car.

On July 30, 1969 appellant, through its attorney, gave written permission for appellee to file an action against Joe D. Hines for the death of his wife, but specifically denied that appellee had a claim against it under the uninsured motorist coverage of the policy issued to appellee.

On August 1, 1969 appellee filed an action in the Circuit Court of Limestone County against Joe D. Hines for the wrongful death of his wife. A judgment in the amount of $39,300.00 was rendered in favor of appellee and against the uninsured motorist, Joe D. Hines.

On May 24, 1971 appellee filed an action against appellant seeking $10,000.00 under the uninsured motorist coverage of the policy previously issued to appellee by appellant. The case was submitted to the court on a stipulation of facts with attached exhibits. There was a judgment for appellee in which the trial court held that the exclusionary clause in controversy tended to limit or restrict the recovery of the appellee under the uninsured motorist coverage

of his policy and therefore constituted an invalid infringement of the coverage required by the uninsured motorist statute, i. e., Title 36, Section 74(62a), Code of Alabama 1940, as Recompiled 1958.

Appellant argues that the language of the clause in question is clear, requiring the written approval of the insurer prior to a settlement by the insured with anyone who may be liable for the accident, whether he be insured or uninsured, and that this clause is valid as protecting the contracted for subrogation rights of the insured set out in the policy as follows:

"Trust Agreement. In the event of payment to any person under this endorsement:

"(a) the Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

\* \* \* \* \* \*

"(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights . . . ."

The sole issue presented to this court is whether or not the exclusionary clause contained in the uninsured motorist coverage part of the policy is valid as to settlements with insured motorists by virtue of the insurance company's subrogation rights. Although other states have upheld such clauses based upon protection of the insurer's subrogation rights, we do not think that this is the case in Alabama.

In support of his argument, appellant cites us to Florida and Louisiana cases upholding such clauses. We must point out that the uninsured motorist statutes of both states include a liberal subrogation provision.

Alabama's statute, however, contains no such provision. Our legislature

enacted a simple statute requiring that liability insurers offer uninsured motorist coverage. This statute has been interpreted by our Supreme Court in construing several other aspects of the uninsured motorist coverage and without exception the court has taken the position that the statute must be construed so as to assure a person injured at the hand of an uninsured motorist that he will be able to recover, from whatever source available, up to the maximum amount of his damages, and that the insurer will not be allowed to insert provisions in its policy limiting or restricting recovery by the insured up to the limits of the policy. Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736; State Farm Mutual Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619, and Employers Liability Assurance Corp., Ltd., corp., etc. v. Jackson, 289 Ala. 806, 270 So. 2d 806.

In fact, the present case somewhat resembles the case of Safeco Ins. Co. of America v. Jones, *supra*, in which our Supreme Court stated:

"The key words in our statute are 'coverage * * * for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles.' "

There the plaintiff-insured was legally determined to have been damaged to the extent of $25,000.00. He was legally entitled to recover the $10,000.00 policy limit under his negligent host driver's insurance policy and $10,000.00 from his own insurance company under his uninsured motorist coverage. The Supreme Court in that case held in effect that the insured with uninsured motorist coverage was entitled to recover from whatever source available up to his amount of loss.

In the present case, appellee settled with the insurer of one possible tort-feasor for $10,000.00, and later recovered a $39,300.00 judgment from the uninsured tort-feasor, leaving unrecovered damages of $29,300.00. He now seeks the $10,000.00 limit of his uninsured motorist coverage to salvage some of the $29,300.00 unrecovered damages. Appellant seeks to prevent this recovery by relying on the exclusionary clause heretofore mentioned on the ground mainly that its subrogation rights will be abrogated. The validation of such a policy provision would make a hollow shell of our uninsured motorist statute in such a situation as is now before us and cannot be permitted.

Our holding here is consistent with those of the appellate courts of Michigan and Mississippi. The Supreme Court of Mississippi construed its statutory subrogation clause and an exclusionary clause such as that in the present case in Harthcock v. State Farm Mutual Automobile Ins. Co., Miss., 248 So.2d 456. In that case the court stated:

". . . Insofar as this exclusion applies to a tort-feasor other than the uninsured motorist, this provision is invalid. The insurer may not cut down on the coverage the statute requires. The statute intends to provide a source for the collection by the insured of all sums which he shall be legally entitled to recover as damages against the owner or operator of an uninsured motor vehicle. The coverage afforded by these policies is mandatory under the statute and may not be cut down by a policy exclusion. The construction placed on this provision by State Farm and Universal renders the uninsured motorists coverage conditional in that it does not apply unless the insured surrenders the right to settle with another tort-feasor. This exclusion, when applied to tort-feasors other than the uninsured motorist, is an invalid abridgement of the coverage required by the statute, and is void."

See also Michigan Mutual Liability Co. v. Karsten, 13 Mich.App. 46, 163 N.W.2d 670.

We agree with the conclusion of the trial court that appellant is attempting to make the uninsured motorist coverage con-

**462**

ditional on the insured's surrendering his right to settle with an insured tort-feasor, and thereby limiting its liability under such coverage. We do not interpret the decisions of the Supreme Court on the subject of uninsured motorist coverage as allowing such a result. See Safeco Ins. Co. of America v. Jones, *supra*; State Farm Mutual Auto. Ins. Co. v. Cahoon, *supra*; and Employers Liability Assurance Corp., Ltd., a corp., etc. v. Charlie Jackson, *supra*.

We therefore conclude that the exclusionary clause in question does not prevent a settlement with an insured tort-feasor under the circumstances of this case. The judgment of the trial court is therefore affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.