This is an appeal from the trial court's finding that a judgment had been satisfied and we affirm.
The plaintiff, Archie Batchelor, in his capacity as administrator of his son's estate, sued defendants, Charles Dienhelt and Hattie May Brye, alleging that the defendants' negligence resulted in the death of the plaintiff's son. Additionally, the plaintiff sued his uninsured motorist carrier, State Farm Mutual Auto Insurance Company (State Farm). Defendant Dienhelt was also insured by State Farm. Defendant Brye was an uninsured motorist.
In a separate count, the plaintiff as indicated, sought to recover under the uninsured motorist provisions of the plaintiff's policy with State Farm. Prior to trial, State Farm and the plaintiff entered into a settlement, whereby State Farm agreed to pay the plaintiff $10,000 pursuant to the uninsured motorist provision of the plaintiff's policy. In return, the plaintiff executed a release and trust agreement in favor of State Farm. State Farm was then dismissed from the action.
The plaintiff proceeded to trial against defendants Dienhelt and Brye. Dienhelt alleged as a defense a pro tanto settlement between the plaintiff and State Farm. The plaintiff's motion to strike this defense was granted. The jury returned a verdict against Dienhelt and Brye, and assessed the plaintiff's damages at $30,000.
Dienhelt paid $20,000 into court and then moved to have the $30,000 judgment satisfied. Attached to Dienhelt's motion was a copy of the release and trust agreement showing that State Farm had paid the plaintiff $10,000 under the plaintiff's uninsured motorist coverage due to the negligence of Brye. On May 19, 1981, the trial court granted Dienhelt's motion and ordered the judgment satisfied by Dienhelt's payment of $20,000.
The plaintiff, through able counsel, appeals, contending that the $10,000 paid to the plaintiff by State Farm should not have been treated as a partial payment of the $30,000 judgment rendered against Dienhelt and Brye. The plaintiff contends that Dienhelt and Brye are liable for the entire $30,000 in damages, and that State Farm has waived its right to be reimbursed for the $10,000 paid under the plaintiff's insurance policy.
We do not agree with the plaintiff's contentions although well stated. Though we have found no Alabama cases on this specific point,[1] to this court the $10,000 received by the plaintiff under the uninsured motorist provision of his policy can, in this instance, be used to partially satisfy the $30,000 judgment.
The only reason the plaintiff received $10,000 from State Farm was "because of the wrongful conduct of [the] uninsured" motorist, Brye. Higgins v. Nationwide Mutual Insurance Co.,50 Ala. App. 691, 282 So.2d 295, aff'd, 291 Ala. 462, 282 So.2d 301
(1973). The plaintiff's insurer, State Farm, stood in the shoes of the uninsured motorist, Brye, as a source of payment to the *Page 1269 
plaintiff. Appleman, Insurance Law and Practice § 5086 (1981). Though the jury, without knowledge of the plaintiff's settlement with State Farm, later found the plaintiff's damages to be $30,000, the plaintiff had already received one-third of that amount from his insurer due to the liability of Brye.
Since the plaintiff received $10,000 due to the negligence of one tort-feasor, the $30,000 judgment was satisfied by payment of the remaining $20,000 by the other tort-feasor.
The goal of uninsured motorist coverage is to make the plaintiff whole but not to allow double recovery. Couch on Insurance (Rev. ed.) § 45:652 (1981). This principle has been implicitly recognized by this court and our supreme court in other cases involving uninsured motorist payments.
In Safeco Insurance Co. v. Jones, 286 Ala. 606, 243 So.2d 736
(1970), Jones was injured by joint tort-feasors, one of whom was insured and the other uninsured. After a verdict of $25,000 was rendered in favor of Jones, the insured tort-feasor paid Jones $10,000. Thereafter, Jones sued his own insurer for recovery under Jones's uninsured motorist policy. In allowing Jones to collect $10,000 from his uninsured motorist insurance carrier, the supreme court stated:
 This holding does not permit a recovery in excess
of that amount to which the injured party was "legally entitled to recover" by virtue of the judgment against the uninsured motorist." (Emphasis supplied.)
286 Ala. at 614, 243 So.2d at 742.
In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Clem,49 Ala. App. 457, 273 So.2d 218 (1973), the facts were similar to those presented in Safeco Insurance Co. v. Jones, supra.
This court construed the uninsured motorist statute to allow an injured party to recover from his own insurer due to the negligence of an uninsured tort-feasor even after settlement between the injured party and an injured tort-feasor. We stated:
 [T]he statute must be construed so as to assure a person injured at the hands of an uninsured motorist that he will be able to recover, from whatever source available, up to the amount of his damages. . . .
(Emphasis supplied.)
49 Ala. App. at 461, 273 So.2d at 221.
These cases indicate that while uninsured motorist payments may be used to partially meet the plaintiff's measure of damages, the plaintiff is never entitled to recover from any source more than the actual measure of damages.
The actual measure of damages in this action, as indicated, was $30,000. The plaintiff has received $10,000 due to the liability of a co-judgment debtor and uninsured motorist, Brye. The plaintiff has received $20,000 from the insured tort-feasor, Dienhelt. While the plaintiff is entitled to full compensation for his injuries, he is entitled to only one satisfaction. Williams v. Colquett, 272 Ala. 577, 133 So.2d 364
(1961). The plaintiff has recovered the exact amount of money assessed as damages by the jury. On these facts, we cannot say the trial court erred in ordering the judgment satisfied upon payment by Dienhelt of $20,000 when the plaintiff had already received $10,000 due to the liability of Brye.
By our determination that payments made pursuant to the uninsured motorist provision of the plaintiff's policy may be used to partially satisfy a judgment, we pretermit any discussion of whether State Farm has waived its rights for reimbursement of the $10,000 under the release and trust agreement.
For the foregoing reasons, we affirm the order of the trial court.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that two other jurisdictions have considered this issue, although the decisions are not squarely on point. SeeNearhoof v. International Sales-Rentals Leasing Co.,251 So.2d 717 (Fla.App. 1971), aff'd in part, rev'd in part,263 So.2d 569 (Fla. 1972); Southard v. Lira, 212 Kan. 763, 512 P.2d 409
(1973). These cases are clearly distinguishable from the instant action, however, because both involve statutory considerations not relevant in Alabama. *Page 1270