This is an appeal from a declaratory judgment holding that Joseph Hudson was entitled to $20,000 from Auto-Owners Insurance Company in underinsured motorist benefits.
Hudson was involved in an automobile accident with an underinsured motorist, Otis Finklea, an employee of Phillips Feed Mill ("Phillips"). In the stipulation of facts, Auto-Owners and Hudson agree that the accident was caused by Finklea's negligence and that as a result of the accident, Hudson suffered injuries in the amount of at least $70,000. Finklea and Phillips's insurance policy with State Farm Insurance Company limited State Farm's liability to $50,000. with regard to this accident. Therefore, Finklea is considered underinsured.
Hudson, at the time of the accident, was insured by Auto-Owners Insurance Company. His policy included uninsured/underinsured motorist coverage of $20,000 per person. Subsequent to the accident, Hudson notified Auto-Owners that he was negotiating a settlement agreement with State Farm wherein he would receive the $50,000 maximum limit of Finklea and Phillips's coverage in return for a written release of State Farm, Phillips, and Finklea from any further liability. Auto-Owners responded with a letter warning Hudson that if he executed a release, he would be forfeiting his right to the underinsured coverage. However, Auto-Owners would give permission for Hudson to litigate. Nevertheless, Hudson executed the release, which purported to reserve Hudson's rights against Auto-Owners. Auto-Owners refused to pay Hudson the $20,000 underinsured benefits and now appeals the judgment holding that it was obligated to do so.
Auto-Owners contends that in releasing State Farm, Finklea, and Phillips, Hudson necessarily impaired Auto-Owners' subrogation rights; therefore, Auto-Owners argues that Hudson forfeited his claim for underinsured motorist benefits by violating the clause in his insurance contract that states that "[t]he insured shall do nothing . . . to prejudice such [subrogation] rights." We disagree.
While this Court has upheld clauses in insurance contracts that prevent the impairment of the subrogation rights of the insurance carriers, see Lady Corinne Trawlers, Inc. v. ZurichInsurance Co., 507 So.2d 915 (Ala. 1987), our cases upholding such clauses have not dealt with a situation such as the one before us. In the case sub judice, the uninsured/underinsured motorist benefits at issue are mandated by § 32-7-23, Code ofAlabama (1975). The purpose of the statute is to provide " ' "coverage * * * for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles." ' " AlabamaFarm Bureau Mut. Cas. Ins. Co. v. Clem, 49 Ala. App. 457, 461,273 So.2d 218 (Ala.Civ.App. 1973), quoting Safeco Ins. Co. ofAmerica v. Jones, 286 Ala. 606, 243 So.2d 736 (1970). In fact, unless an insured rejects such coverage, an insurance company is required to provide uninsured/underinsured coverage in an automobile liability policy. Insurance Co. of North America v.Thomas, 337 So.2d 365 (Ala.Civ.App. 1976).
While the issue of impairment of subrogation rights in an uninsured/underinsured motorist setting has been dealt with in other states, this particular question has *Page 469 
not been addressed by this Court. In considering the case before us, we do not now find it necessary to expound on the issue of subrogation rights in general; instead, we concentrate on the following undisputed facts in making our determination that Hudson is entitled to his underinsured motorist benefits.
The parties have stipulated that the accident in question was caused by the underinsured motorist, Finklea, and that Hudson's damages exceeded the $50,000 limit of Finklea's policy. In fact, the parties agree that Hudson's damages exceeded Finklea's $50,000 policy limit by at least $20,000.00. Furthermore, Hudson gave Auto-Owners notice of the settlement offer, which provided it with the opportunity to pay the $70,000, the applicable limits of the tort-feasor's liability policy and the underinsured motorist benefits provided by Auto-Owners' policy with Hudson. Auto-Owners could have done so and would then have been subrogated to this amount. Thus, Auto-Owners' right of subrogation to the amount paid in underinsured motorist benefits would not have been impaired.
When the tort-feasor's liability insurer has offered to pay the maximum of its liability limits, and it is undisputed that the damages exceed that amount and, further, exceed the amount of underinsured coverage available, the insured should give its underinsured motorist insurance carrier notice of this offered settlement and the underinsured motorist carrier should consent to the settlement and forgo any right of subrogation for any underinsured motorist coverage it may subsequently pay, or else pay to its insured the amount offered by the tort-feasor's insurer and preserve its right of subrogation.
For the foregoing reasons, the judgment against Auto-Owners is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, HOUSTON, and KENNEDY, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.