This case involves underinsured motorist coverage. The trial court entered a summary judgment for the insurer, Allstate Insurance Company ("Allstate"), on a claim by the plaintiff, Melanie F. Jones, for underinsured motorist benefits. The plaintiff appeals; we affirm.
Jones was injured when her automobile collided with another automobile; the driver *Page 990 
of the other automobile was insured by Stonewall Insurance Company. Jones was insured by Allstate against loss caused by the fault of an uninsured/underinsured motorist; however, excluded from this coverage was "[a]ny person insured who makes a settlement with an uninsured motorist without [Allstate's] written consent." Alabama Code 1975, § 32-7-23(b), defines an "uninsured motorist" to include an "underinsured motorist."
Jones settled with Stonewall and signed a general release without having notified Allstate of the proposed settlement and the terms of the release.
The trial court correctly relied on Lambert v. State FarmMut. Auto. Ins. Co., 576 So.2d 160, 167 (Ala. 1991), in entering the summary judgment for Allstate.
This Court has been refining and balancing the rights of the insured and the insurer when underinsured motorist claims are involved, since United Services Automobile Association v.Allen, 519 So.2d 506 (Ala. 1988). See Lowe v. Nationwide Ins.Co., 521 So.2d 1309 (Ala. 1988); Hardy v. Progressive Ins. Co.,531 So.2d 885 (Ala. 1988); Auto-Owners Ins. Co. v. Hudson,547 So.2d 467 (Ala. 1989); Progressive Specialty Ins. Co. v.Hammonds, 551 So.2d 333 (Ala. 1989); Lambert v. State FarmAuto. Ins. Co., supra.
In Lambert, Justice Maddox reviewed the history and the purpose of consent-to-settle clauses and Ala. Code 1975, §32-7-23 (576 So.2d at 162-64); reviewed the earlier decisions leading up to Lambert (576 So.2d at 164-66); and reiterated the general principles and procedures to be followed by the insured and the insurer (576 So.2d at 167), which include the following:
 "(2) If the tort-feasor's liability insurance carrier and the insured enter into negotiations that ultimately lead to a proposed compromise or settlement of the insured's claim against the tort-feasor, and if the settlement would release the tort-feasor from all liability, then the insured, before agreeing to the settlement, should immediately notify the underinsured motorist insurance carrier of the proposed settlement and the terms of any proposed release."
(Emphasis added.)
The plaintiff did settle with Stonewall and did release Stonewall's insured from all liability. Before doing this, the plaintiff did not notify Allstate of the proposed settlement and of the terms of the release. Therefore, the trial court properly entered the summary judgment for Allstate on the plaintiff's claim for underinsured motorist benefits.Brantley v. State Farm Mutual Auto. Ins. Co., 586 So.2d 184
(Ala. 1991).
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.