The plaintiffs in these consolidated actions are 1) former seamen who claim to have suffered severe and debilitating illness because of exposure to asbestos while working on board various ships that were owned and operated by the defendants; 2) the personal representatives of deceased seamen who the representatives say died as a result of exposure to asbestos; and 3) the seamen's wives, who sue derivatively for damages for loss of consortium. The plaintiffs base their right to recover damages on, among other things, the Jones Act, 46 U.S.C. App. § 688 et seq., and general maritime law. The defendants moved to dismiss the plaintiffs' complaints on the ground that the plaintiffs already had separate actions pending against certain manufacturers and distributors of asbestos products. In those actions, six of which were filed in either a state or a federal court in Dallas, Texas, and one of which was filed in the Jefferson County, Alabama, Circuit Court, the plaintiffs sought to recover damages based on allegations of negligence, wantonness, and breach of implied warranty, in connection with the sale and distribution of certain asbestos products. None of the defendants named in the present actions was named as a defendant in the Texas actions or in the action filed in Jefferson County. As an alternative ground for dismissal, the defendants argued that Mobile County was not the most convenient forum in which to try these actions. The trial court dismissed the plaintiffs' actions without stating the ground or grounds on which it based its decision. The plaintiffs appealed. We reverse and remand.
The first issue presented for our review is whether the trial court could have dismissed these actions on the ground that the plaintiffs had previously sued certain manufacturers and distributors of asbestos products.
The plaintiffs contend that Ala. Code 1975, § 6-5-440, controls this case. That section provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced *Page 1050 
simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
The plaintiffs argue that § 6-5-440 is a codification of the common law and that it requires that an action be dismissed only if the plaintiff has a separate action pending against the same defendant or defendants in an Alabama court, based on the same cause of action. They correctly point out that all of the federal actions previously filed were filed in a federal court in Texas and that none of the actions previously filed involved these defendant shipowners or were based on either the Jones Act or general maritime law. Therefore, the plaintiffs maintain, their actions should not have been dismissed.
The defendants contend that § 6-5-440 is more "limited in scope" than the common law. They further contend that § 6-5-440
"should not be read to exclude defenses of abatement based on the more general and more liberal common law provisions." The defendants insist that the "more liberal common law provisions" required that the plaintiffs' actions be dismissed. We disagree.
"There is a well-recognized common law rule forbidding the splitting of causes of action. . . . [Section 6-5-440] is but a codification of the common law." Sessions v. Jack Cole Co.,276 Ala. 10, 14, 158 So.2d 652, 656 (1963); see, also, Ex parteBarclay-Hays Lumber Co., 211 Ala. 500, 101 So. 179 (1924) (construing the predecessor to § 6-5-440); 1 C.J.S. Abatementand Revival, §§ 17, 19, 21, 39, 40(a), 41, 42, 43, 56, 63, 65 (1936). Section 6-5-440 and the caselaw in this state interpreting it stand for the proposition that a plaintiff cannot prosecute two actions in the courts of this state at the same time, based on the same cause of action, against the same party. Johnson v. Brown-Service Ins. Co., 293 Ala. 549,307 So.2d 518 (1974). The purpose of § 6-5-440 and its predecessors is to prevent unnecessary and vexatious litigation. Sessions v.Jack Cole Co., supra.
Each of the plaintiffs is seeking to recover damages both from the manufacturers and distributors of certain asbestos products and from the shipowners, based on the alleged infliction of a single indivisible injury (i.e., illness caused by exposure to asbestos). It is clear, therefore, that each of the plaintiffs has a single cause of action, albeit against two separate groups of defendants, based on the alleged breach of the respective duties owed by each group of defendants. SeeJones v. Russell, 206 Ala. 215, 218, 89 So. 660, 662-63 (1921), wherein Chief Justice Anderson, writing for this Court, stated:
 "It is a familiar principle of law that where there has been a judgment against one of two joint tortfeasors, followed by an acceptance of satisfaction of such judgment by the plaintiff, the judgment and satisfaction may be successfully pleaded by the other joint tort-feasor to the further maintenance of the suit by the same plaintiff involving the same cause of action. This rule also obtains notwithstanding there was no ligament of a common purpose binding the acts of the two if their acts of negligence united in causing the single injury to the plaintiff.
 " 'A rational rule deduced from the authorities . . . would seem to be that, "Where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrongdoers are liable for damages occasioned by the injury." It is also manifest that this single injury, in itself or of itself, indivisibly constitutes an indivisible cause of action. This is true, notwithstanding the fact that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly, and the mere pendency of suit or judgment without satisfaction could not be set up in defense by either tort-feasor. . . . But when she successfully prosecuted her single cause of action against one of the tort-feasors, and received satisfaction *Page 1051 
in full of the judgment, that was satisfaction for the entire injury, for the single cause of action, and after satisfaction, although it moved from only one of the tort-feasors, no foundation remained for a suit against anyone. Her cause of action was extinguished.'
 "McCoy v. L. N.R.R., 146 Ala. 333, 40 So. 106, and numerous authorities there cited.
 "See, also, Cooley on Torts p. 247; Matthews v. Delaware Co., 56 N.J. Law, 34, 27 A. 919, 22 L.R.A. 261.
 " 'The conclusive presumption is that the full damages were awarded the plaintiff in the judgment that was satisfied. The cause of action being extinguished by the acceptance of satisfaction by the plaintiff, there is nothing to support the action against the defendant, even for the recovery of nominal damages.'
"McCoy's Case, supra."
In Brooks v. City of Birmingham, 239 Ala. 172, 175,194 So. 525, 527 (1940), this Court explained:
 "When a tort is committed by two or more persons, the claim against them is joint and several. . . . And suits may be prosecuted against them separately to judgment, though there can be but one satisfaction. . . ."
(Citations omitted.)
As the holdings in Jones and Brooks illustrate, a plaintiff does not violate the prohibition set out in § 6-5-440 by prosecuting separate actions in this state against joint tort-feasors, based on a single cause of action. The obvious reason, of course, is that the plaintiff is not prosecuting two actions "against the same party." Because the undisputed facts show that none of the defendants named in the previously filed actions were named as defendants in the present actions, and because the undisputed facts show that six of the actions were filed in Texas, we conclude that § 6-5-440 did not require the dismissal of the plaintiffs' actions.[1]
We again emphasize, however, that in these actions, as well as in those actions previously filed, the plaintiffs are seeking to enforce one primary right (i.e., the right to recover damages arising out of an illness caused by exposure to asbestos). It is a universal rule that a plaintiff, although entitled to full compensation for an injury, is entitled to only one recovery for a single injury caused by two or more tort-feasors. See Jones v. Russell, supra; Williams v.Colquett, 272 Ala. 577, 133 So.2d 364 (1961); see, also, 22 Am.Jur.2d Damages § 559 (1988). Therefore, should the plaintiffs obtain a judgment for compensatory damages against the manufacturers and distributors of the asbestos products and thereafter receive satisfaction of that judgment, they cannot then pursue their claims for compensatory damages against the shipowners. We do not address whether an unsatisfied judgment for compensatory damages against the manufacturers and distributors of the asbestos *Page 1052 
products would, in effect, limit the amount of compensatory damages that the plaintiffs could recover against the shipowners.
The second issue presented is whether the dismissals of the plaintiffs' complaints were proper under Ala. Code 1975, §6-5-430. That section provides:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal."
Recently, in Donald v. Transport Life Ins. Co., 595 So.2d 865,867 (Ala. 1992), this Court reaffirmed the standard governing dismissal on the ground of forum non conveniens:
 "In Ex parte Allied-Signal, Inc., 561 So.2d 1062
(Ala. 1990), while this Court held that the decision whether to dismiss a case on the ground of forum non conveniens is within the trial court's discretion, it held that all of the factors under § 6-5-430 must be positively found to justify dismissal and that the defendant has the burden of proving these factors. In that case, we stated:
 " 'Those factors, under § 6-5-430, are "the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice.". . . The court will weigh the relative advantages and burdens and, " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1032
(Ala. 1989) (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055
(1947)) (emphasis added in Auto-Owners Ins. Co.).'
"561 So.2d at 1064."
The records in these cases reveal no evidence on which the trial court could have based a dismissal under § 6-5-430. To the contrary, based on the allegations contained in the plaintiffs' complaints (i.e., that the plaintiffs who were exposed to asbestos are all residents of Alabama who worked on ships operating in the coastal waters of Alabama), it appears to us that the Circuit Court of Mobile County would probably be the proper forum in which to try these actions.
For the foregoing reasons, we hold that the trial court erred in dismissing these seven actions.
1911884 through 1911890 — REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] We note that we have read all of the cases relied on by the defendants and that we have carefully considered the defendants' arguments. We specifically note the defendants' reliance on Ex parte Myer, 595 So.2d 890 (Ala. 1992), andEdelman v. Poe, 267 Ala. 387, 103 So.2d 333 (1958). Those cases, however, are not controlling here. In Ex parte Myer, this Court, relying on Edelman, held that the defendants' failure to plead a compulsory counterclaim in an action pending against them in a federal district court in Alabama was a ground for abating a subsequent state action filed by the defendants where the parties in the two actions were substantially the same. In Edelman, this Court affirmed a dismissal of the plaintiffs' second action because the relief sought was available in an earlier action that had been filed by the plaintiff against the same defendant in the same court, even though the plaintiff had not specifically sought that relief in the earlier action. These holdings are consistent with the general rule that a second action may be abated if the party who has filed it is able to obtain in the prior pending action all of the relief sought in the second action. See 1 C.J.S. Abatement and Revival § 43 (1936). Both of these holdings further the goals underlying the abatement rule by preventing unnecessary and vexatious litigation between the same parties. They do not, in our view, stand for the proposition urged by the defendants — that these actions were properly dismissed because the plaintiffs did not sue the defendants along with the manufacturers and distributors in their previous actions. *Page 1053