783 So.2d 53 (2000)
Ex parte Julie A. GOLDSEN.
(In re Julie A. Goldsen v. Rebecca Ann Simpson).
1991512.
Supreme Court of Alabama.
August 11, 2000.
*54 William W. Watts III of Hudson & Watts, L.L.P., Mobile, for petitioner.
G. Randall Spear of Richardson, Spear & Spear, P.C., Mobile, for respondent.
HOUSTON, Justice.
Rebecca Ann Simpson sued Julie Goldsen for damages based on injuries Simpson sustained when her vehicle was involved in an accident with vehicles driven by Goldsen and David Herbstreith. The vehicle driven by Goldsen struck the vehicle driven by Herbstreith, which then struck Simpson's vehicle. Herbstreith settled with Simpson for $20,000. A jury found Goldsen liable for Simpson's injuries and awarded Simpson $76,898.39. Goldsen moved to have the jury award set off by the amount of Simpson's settlement with Herbstreith, but the court denied her motion. She appealed the trial court's decision on that motion to this Court; we transferred the case to the Court of Civil Appeals, pursuant to Ala.Code 1975, § 12-2-7(6). The Court of Civil Appeals affirmed, with an opinion by two Judges, with one Judge concurring in the result and two Judges dissenting. Goldsen v. Simpson, 783 So.2d 46 (Ala.Civ.App.2000). We granted certiorari review, and we now reverse and remand.
After settling with Herbstreith for $20,000, the limits of coverage under his liability policy, Simpson sued Goldsen, and she also sued her own insurer under the uninsured-/underinsured-motorist portion of her policy. In addition to being asked to determine whether negligence on the part of Goldsen had proximately caused Simpson's injury, the jury was also instructed because of the issues involving uninsured-motorist coverageto determine whether Herbstreith had negligently caused Simpson's injuries. The jury found that Herbstreith was not negligent. Goldsen filed a posttrial motion to have Simpson's damages reduced by the amount *55 of Herbstreith's settlement$20,000. The trial court denied this motion.
This appeal presents us with an issue of first impression in this State: Whether damages that a jury awards against a negligent defendant can be offset by a pro tanto settlement when the jury has found that the settling party was not negligent, and, therefore, would not be liable for the damage to the plaintiff.
There is a split among the jurisdictions that have dealt with this issue. The majority rule is stated by Dean Prosser:
"The prevailing view, with some authority to the contrary, is that [the amount of a release paid to the plaintiff by an alleged joint tortfeasor] must be ... credited even where the person released was not in fact a joint tortfeasor, or was not liable to the plaintiff at all."
W. Prosser, Handbook of the Law of Torts § 49 at 305 (4th ed.1971). (Emphasis added.) Likewise, Restatement (Second) of Torts § 885(3) (1979) states:
"A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment."
This view is justified by the rule that the plaintiff should receive only one satisfaction for his injuries. The Supreme Court of South Dakota has stated:
"`[E]ven though the payor was not a party to the wrong ... a plaintiff has the sum in hand and there is no evident hardship in reducing his verdict against others by that amount.' [Theobald v. Angelos, 44 N.J. 228, 236, 208 A.2d 129, 133 (1965).] Chief Justice Weintraub [of the Supreme Court of New Jersey] then discussed the concept of `full satisfaction,' citing the rule that there shall be but one satisfaction for a wrong because of the strong policy against unjust enrichment, 44 N.J. at 239, 208 A.2d at 135."
Duncan v. Pennington County Housing Auth., 283 N.W.2d 546, 552 (S.D.1979). (Emphasis added.)
In addition, the Supreme Court of North Dakota has held:
"Where the plaintiff charges several defendants with tort, and one of the defendants buys its way out of the suit and is given a release and covenant not to sue, the court will not go into the question of liability of such defendant.... The question of actual liability in tort of any of the defendants so discharged by release and covenant not to sue is wholly immaterial. The release and covenant not to sue discharges such defendant from any possible liability for any tort of which such defendant possibly might have been guilty. Whether he was, in fact, guilty of tort is immaterial where such defendant does not desire to try out the question and is willing to pay consideration and in good faith secures such release and covenant not to sue.
"Surely the plaintiff cannot now complain if the amount of his verdict recovered against [one of the defendants] is reduced by the amount paid to him by the [other defendant] on such covenant not to sue. The plaintiff still will receive the full amount which the jury found he was entitled to receive for all of his injuries."
Levi v. Montgomery, 120 N.W.2d 383, 389 (N.D.1963).
*56 The United States Court of Appeals for the Ninth Circuit, applying Alaska law, has written:
"Since the principle is that there can be but one satisfaction for the same injury, whether or not the released party is in fact jointly liable with the defendant against whom a judgment is rendered is not relevant. In either case, to prevent recovery by plaintiff of more than his legitimate damages, `the amount paid for the release or covenant not to sue must reduce pro tanto the injured person's judgment against another. Prosser, Law of Torts, 2nd Ed., Sec. 46, p. 246;... Holland v. Southern Public Utilities Co., 208 N.C. 289, 180 S.E. 592, and cases cited; Jacobsen v. Woerner, supra, 149 Kan. 598, 89 P.2d 24, and cases cited.' Steger v. Egyud, 1959, 219 Md. 331, 149 A.2d 762, 767-768. ( [A]pplying New Jersey law.)"
Layne v. United States, 460 F.2d 409, 411 (9th Cir.1972).
On the other hand, the minority rule holds that set-offs should not be allowed, on the basis that they are unfair to plaintiffs. See Domingue v. Luke Fruge, Inc., 379 So.2d 490 (La.App.1979); Berg v. Footer, 673 A.2d 1244 (D.C.1996); Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1019 (5th Cir.1994). The Judges joining the main opinion of the Court of Civil Appeals agreed with this rule, stating:
"In our judgment, the fairness and unjust-enrichment arguments are persuasive when applied to the plaintiff and to the settling entity, but are not convincing when applied to the nonsettling tortfeasor. When settlement proceeds derived from one who is not a tortfeasor are deducted from a plaintiff's verdict against a tortfeasor, it is the tortfeasor who obtains a windfall and is unjustly enriched....
"The proceeds of a settlement by one who has been determined not to be a tortfeasor will always benefit someone either the plaintiff (if the settlement is not deducted from the verdict) or the nonsettling tortfeasor (if the settlement is deducted from the verdict). Given the choice, we believe it is preferable to reward the plaintiff for successful negotiation of her claim rather than to benefit the only party found liable for the plaintiff's injuries."
Goldsen, 783 So.2d at 51.
Alabama has not adopted the doctrine of comparative negligence. Williams v. Delta Int'l Mach. Corp., 619 So.2d 1330 (Ala.1993). We disagree with the Court of Civil Appeals; we conclude that the nonsettling defendant is not getting a windfall, but is simply paying the portion of the damages owed to the plaintiff that remains after the settlement.
This Court has consistently held that "[c]ompensatory damages are designed to make the plaintiff whole by reimbursing him or her for the loss or harm suffered." Ex parte Moebes, 709 So.2d 477, 478 (Ala.1997); see Torsch v. McLeod, 665 So.2d 934, 940 (Ala.1995). Furthermore, we have also stated, "It is a universal rule that a plaintiff, although entitled to full compensation for an injury, is entitled to only one recovery for a single injury caused by two or more tortfeasors." Shepherd v. Maritime Overseas Corp., 614 So.2d 1048, 1051 (Ala.1993); see also Ex parte Rudolph, 515 So.2d 704 (Ala.1987). In those cases where one tortfeasor settles, we have allowed the nonsettling tortfeasor to have the jury award reduced by the amount of any pro tanto settlement. Campbell v. Williams, 638 So.2d 804 (Ala. 1994). In light of the purpose of compensatory damages in Alabama, we see no reason why this rule should not be extended to settling parties that are determined, *57 after they have been dismissed from the case, to have had no liability.
Therefore, the jury award of $76,898.39 should have been reduced by the amount of Herbstreith's settlement$20,000.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., concurs in the result.
SEE, Justice (concurring in the result).
I concur in the holding of the main opinion that the defendant Goldsen is entitled to a set-off against the compensatory damages awarded by the trial court ($76,898.39) in the amount paid by Herbstreith ($20,000) in settlement of Simpson's potential claim(s) against him arising out of the automobile accident. To require Goldsen to pay the entire $76,898.39 would result in Simpson's receiving a windfall above the actual amount she was entitled to receive as compensation for her loss.
This result is consistent with the well-established rule of Alabama law "that a person injured by joint tort-feasors may release one or more pro tanto and proceed against the others. The tort-feasors may plead the release as a bar to that amount paid by the released tort-feasor or may place it in evidence showing payment for the injury up to the amount shown in the release. Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832 (1966)." Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699, 702 (Ala. 1982); see also Jenelle M. Marsh and Charles W. Gamble, Alabama Law of Damages § 10-4 at 101 (4th ed. 1999) ("If the plaintiff gets recovery from one joint tortfeasor and pursues the other tortfeasor,... the latter can claim set-off or credit against the plaintiff for any sums paid by the other tortfeasor.").
However, I am not prepared in this case to extend that general rule "to settling parties that are determined, after they have been dismissed from the case, to have had no liability." 783 So.2d at 56-57. There has been no judicial determination of Herbstreith's liability because Herbstreith was not a party to the litigation. See Goldsen v. Simpson, 783 So.2d 46 (Ala.Civ.App.2000) (Monroe, J., dissenting). Thus, it is unnecessary for this Court to extend the rule to settling, non-tortfeasors, because the facts of this case do not present that issue. Herbstreith is an alleged joint tortfeasor who has not been judicially determined not to be liable; therefore, Goldsen is entitled to a set-off in the amount paid by Herbstreith.