MURDOCK, Judge,
concurring in part and dissenting in- part as to the rationale and concurring in the result. ■
I agree with the analysis and conclusions reached in the last three paragraphs of the main opinion. I cannot fully agree, however, with the remainder of the analysis in that opinion. In particular, I cannot agree with the stated grounds for distinguishing the present case from Batchelor v. Brye, 421 So.2d 1267 (Ala.Civ.App.1982), i.e., that the present case involves only one’ tortfea- *728 sor, while Batchelor involved two tortfea-sors. I would overrule Batchelor.
As the main opinion correctly notes in its third from the last paragraph:
[A]s a general rule, the fact that the plaintiff received gratuitous medical care, continued salary or wage payments, proceeds from insurance policies, or welfare and pension benefits, will not be taken into account in computing damages
978 So.2d at 727 (quoting Ensor v. Wilson, 519 So.2d 1244, 1266 (Ala.1987), quoting in turn Gribble v. Cox, 849 So.2d 1141, 1142 (Ala.1977), quoting in turn 22 Am.Jur.2d, Damages § 206). Thus, as to the tortfea-sor or tortfeasors in any given case, a payment by the plaintiffs insurer is “gratuitous.” In other words, as the main opinion also correctly notes, “ ‘ “[t]he collateral source doctrine ... provides that damages recoverable for a wrong are not diminished because the injured party has been wholly or partially indemnified or compensated for his loss by insurance effected by [the injured party] and to which the wrongdoer did not contribute 978 So.2d at 727 (quoting Mitchell v. Moore, 406 So.2d 347, 351 (Ala.1981), quoting in turn Powell v. Brady, 30 Colo.App. 406, 414, 496 P.2d 328, 332-33 (1972)) (emphasis added).
That the wrongdoer ought not to benefit — or has no right to benefit — from a contractual obligation voluntarily undertaken by a third party, such as an insurer, for the benefit of an injured party logically is no less true when there are two or more wrongdoers than when there is only one wrongdoer. It may well have been true that the insurer in Batchelor would not have made a payment to the insured if not for the fact that one of the two tortfeasors was known to have been uninsured. But an insurer’s reason for making such a payment is, in the words of our Supreme Court in Jones v. Crawford, 361 So.2d 518, 522 (Ala.1978), “of no concern to the defendant.” Rather, it is a matter between the injured party and the insurer, whose obligations to one another flow from the private contract between the two of them.
Had the insurer in Batchelor made its payment on behalf of, or as the agent of, the uninsured joint tortfeasor, that would have been another matter altogether. Had that been the case, then the rule recognized in Shepherd v. Maritime Overseas Corp., 614 So.2d 1048 (Ala.1993), and Ex parte Goldsen, 783 So.2d 53 (Ala.2000), would indeed have been properly applied. The aim of that rule is to prevent the fact that there is more than one tortfeasor from resulting in the injured party receiving more than “one recovery” for “one injury.” See, e.g., Shepherd, 614 So.2d at 1051 (“a plaintiff ... is entitled to only one recovery for a single injury caused by two or more tortfeasors” (emphasis added)), and Ex parte Goldsen, 783 So.2d at 56 (quoting Shepherd).
But the insurance company in Batchelor did not make its payment to the plaintiff as an agent for or on behalf of the uninsured tortfeasor. Instead, it made that payment on its own behalf pursuant to a contractual obligation that it had voluntarily undertaken to the plaintiff. As the main opinion also notes, “ ‘[t]he courts of this state have held many times that what has occurred between insuror and insured is of no concern to the defendant — that the sum received from insurance cannot be shown in mitigation of damages for the injury.’” 978 So.2d at 727 (quoting Jones v. Crawford, 361 So.2d at 522). A payment made by the insurer to the insured is not a payment “effected by” the tortfeasor, nor is it a payment “contributed” to by the tortfeasor or a payment made with the intention under our law of benefiting the tortfeasor.
If, as a result of the rule advocated above, a party who has been tortiously *729 injured (whether by the actions of one tortfeasor as in the present case or by the actions of two or more tortfeasors as in Batchelor) finds himself or herself receiving a recovery from one or more tortfea-sors that, when combined with a recovery from his or her insurer, is more than sufficient to compensate the injured party for his or her injuries, this will not have occurred because a tortfeasor who is fully liable under our law for the whole of the injured party’s injuries (either because he is the sole tortfeasor or is one of two or more jointly and severally hable tortfea-sors) has been made to pay an amount greater than that for which the law holds it responsible. It will be because a third party — a nonparty to the tort — has chosen to enter into a private contract with the injured party for the benefit of the injured party upon the happening of a given event (i.e., the tortious injury) without securing, or as in Batchelor without insisting upon enforcement of, contractual provisions entitling the third party to adequate subro-gation rights in the event of such a recovery.