By its petition for a writ of mandamus, defendant Auto-Owners Insurance Company asks this Court to order the trial court to dismiss the present action on the grounds that the State of Florida is the more appropriate forum for the trial of the action.
The facts pertinent to our inquiry are basically undisputed. *Page 1030 
On November 29, 1986, Bebe White allegedly received significant personal injuries and incurred property damage as a result of her automobile's being run off the road by an unidentified driver. White claims that she was forced to leave the roadway, and that upon doing so she collided with the porch of a house. The accident occurred in Crenshaw County, Alabama, while White was returning to her home in DeFuniak Springs, Florida. The accident was investigated by an Alabama State Trooper.
Respondent was treated at the scene by members of the Highland Home (Alabama) Rescue Squad. The only witness to the accident resides in Highland Home, Alabama.
Upon returning home, White was treated by physicians in DeFuniak Springs, Florida, and Ft. Walton Beach, Florida.
After the collision, White filed an uninsured motorist claim with her automobile insurance carrier, Auto-Owners Insurance Company (hereinafter "Auto-Owners"). White does not deny that her contract with Auto-Owners was entered into in the State of Florida, and she admits that her attempt to have Auto-Owners pay her claims was conducted through Auto-Owners' claims office in Pensacola, Florida.
White, nevertheless, filed a complaint in the Circuit Court of Montgomery County, Alabama, on November 18, 1988, after Auto-Owners had failed and refused to pay the amount she claimed was due to her under the Auto-Owners' policy.
In its answer, Auto-Owners admitted that it is a foreign corporation doing business by agent in Montgomery County, Alabama, and also that it had issued to White a policy that provided for uninsured motorist coverage.
Auto-Owners claimed that nothing concerning the action occurred in Montgomery County, Alabama, and it therefore filed a motion requesting the trial court to dismiss White's action pursuant to Code 1975, § 6-3-21.1. White responded to the motion, and the trial court heard oral arguments on the motion. After considering the legal arguments of both parties, the trial court denied Auto-Owners' motion to dismiss.
This Court has previously set out the requirements for mandamus:
 "We note at the outset that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. . . . In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review the exercise of discretion except in a case of abuse."
Ex parte Terry Lee Edgar, 543 So.2d 682 (Ala. 1989).
 I
We first address petitioner's argument that the trial court lacked jurisdiction of the claim. Before discussing the possible application of the doctrine of forum non conveniens, it must first be determined whether the Montgomery County Circuit Court has jurisdiction to hear the case.
Art. XII, § 232, Ala. Const. 1901, as amended by Amendment 473, provides as follows:
 "No foreign corporation shall do business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation. The legislature shall, by general law, provide for the payment to the state of Alabama of a franchise tax by *Page 1031 
such corporation, but such franchise tax shall be based on the actual amount of capital employed in this state. Strictly benevolent, educational, or religious corporations shall not be required to pay such a tax." (Emphasis added.)
Alabama's venue statute, Code 1975, § 6-3-7, provides, in pertinent part, that "a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose." See also, Exparte Alabama Mobile Homes, Inc., 468 So.2d 156 (Ala. 1985).
Based on the foregoing reasons, it is readily apparent that the Montgomery County Circuit Court does have jurisdiction to hear the case. It is, therefore, necessary for this Court to ascertain whether the petitioner has carried its burden of demonstrating that there is another forum to whose jurisdiction it is amenable and in which justice can be served at substantially less inconvenience and expense to all concerned parties.
 II
We now discuss whether the trial court should have dismissed the action without prejudice under the provisions of Code 1975, § 6-5-430. As indicated earlier, White's claim is one for uninsured motorist insurance benefits. Thus, in order for White to prevail on her claim, it will be essential for her to prove that she was involved in an accident with an uninsured motorist, that the uninsured motorist caused the accident, that the accident resulted in damages to the insured, and that the uninsured motorist was legally liable for those damages. AetnaCasualty Surety Co. v. Beggs, 525 So.2d 1350 (Ala. 1988).
White correctly notes that in order for her to prove that she is entitled to the uninsured motorist benefits, under the uninsured motorist provision of her policy, she must first show that she suffered injuries resulting from the negligent operation of an uninsured motor vehicle. She asserts that this will be established by her testimony, the testimony of the witness to the accident, the testimony of the rescue squad personnel called to the scene of the accident, and the testimony of law enforcement personnel called to investigate the accident. White further asserts that all of the aforementioned witnesses live in or around Highland Home, Alabama, and that they would be substantially inconvenienced if forced to travel to Florida to testify.
Auto-Owners, on the other hand, argues that all events relative to the case, with the exception of the accident itself, took place in Florida. Auto-Owners, in support of its motion, asserts that White lives in Florida, that its representatives who denied the insured's claim work in Florida, and that the doctors by whom White was examined and who would be called to testify all work in Florida. While admitting that it maintains an office in the city of Montgomery, which is in Montgomery County, Auto-Owners contends that the Montgomery office, or its personnel, have no connection whatsoever with this lawsuit. In short, Auto-Owners maintains that this case involves a breach of contract dispute between non-Alabama residents, over a contract executed in Florida and allegedly breached in Florida, and therefore that the trial court should have dismissed the action without prejudice. We disagree.
Our review of the trial court's denial of Auto-Owners' motion to dismiss necessitates discussion of the doctrine of forum non conveniens. Code 1975, § 6-5-430, as amended effective June 11, 1987, provides as follows:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists *Page 1032 
a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal."
Although the doctrine of forum non conveniens has been followed in other jurisdictions for a number of years,Wedemann v. United States Trust Co. of New York, 258 N.Y. 315,179 N.E. 712 (1932); Stewart v. Litchenberg, 148 La. 195,86 So. 734 (1920); Blair, "The Doctrine of Forum Non Conveniens in Anglo-American Law," 29 Colum.L.Rev. 1 (1929); Dainow, "The Inappropriate Forum," 29 Ill.L.Rev. 867 (1935), the doctrine is relatively new to Alabama law. The doctrine was not available in Alabama until the 1987 amendment to § 6-5-430; see Ex parteIllinois Central Gulf R.R., 537 So.2d 899 (Ala. 1988); andVandergriff v. Southern Ry., 537 So.2d 904 (Ala. 1988). Essentially, the doctrine allows a court, which has jurisdiction and which is located where venue is proper, to refuse to exercise its jurisdiction when, in the interest of the parties and witnesses, and in the interest of justice and judicial economy, the case could be more appropriately tried in another forum. The prevailing question of whether a case should be entertained or dismissed "depends largely upon the facts of the particular case and is in the sound discretion of the trial judge." Restatement (Second) of Conflict of Laws § 84 at 251 (1971).
The United States Supreme Court's first authoritative statement on the doctrine of forum non conveniens provided:
 "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."
Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839,843, 91 L.Ed. 1055, 1062 (1947). (Emphasis added, footnote omitted.) See also, Piper Aircraft Co. v. Reyno, 454 U.S. 235,102 S.Ct. 252, 70 L.Ed.2d 419 (1981).
The evidence presented here does not show that the relative inconveniences are so unbalanced that we should order the trial court to decline to exercise its jurisdiction under the doctrine of forum non conveniens. In short, "[w]e must reject the [petitioner's] contention as based on an insufficient showing of hardship. It has not been shown how the [petitioner's] parties and witnesses will be inconvenienced in coming to Alabama to litigate this matter, any more than the [respondent's parties and witnesses] would be inconvenienced in having to go to Florida." Keelean v. Central Bank of the South,544 So.2d 153 (Ala. 1989).
We are, therefore, of the opinion that the trial court did not abuse its discretion in denying petitioner's motion to dismiss.
WRIT DENIED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur. *Page 1033