Allied-Signal, Inc., petitions for a writ of mandamus directed to the Honorable Jack D. Carl of the Jefferson Circuit Court ordering him to dismiss the declaratory judgment action filed by National Energy Partners (hereinafter "NEP"), based on the doctrine of forum non conveniens, Ala. Code 1975, §6-5-430. Specifically, Allied-Signal contends that California, rather than Alabama, is the more appropriate forum for NEP's suit.
The basis for NEP's action was a purchase agreement entered into between it and the Garrett Corporation on August 18, 1987, in which NEP bought from Garrett all of the issued and outstanding capital stock of two of Garrett's wholly owned subsidiaries, GWF Power Systems Company, Inc. (hereinafter "GWF"), and Combustion Power Company, Inc. (hereinafter "CPC"). The closing date of that contract was September 15, 1987. Shortly after August 18, 1987, Garrett merged with its parent company, Allied-Signal, which became Garrett's successor in interest under the purchase agreement.
While it was owned by Garrett, CPC was under two contracts by which CPC provided fluidized bed boiler systems for the production of steam for two power plants then under construction, the Biogen Power, Inc., project and the Port of Stockton District Energy Facility project. Subsequent to NEP's purchase of CPC, NEP incurred substantial liability in connection with the Biogen and Stockton projects; CPC's equipment was allegedly defective and failed to meet performance standards. NEP claims that Garrett did not disclose these equipment/performance warranty-related problems with CPC's projects at any time during the negotiations or prior to signing the purchase agreement and that Allied-Signal, as successor to all the rights and liabilities of Garrett, is obligated to indemnify it under § 8.1(i) of the purchase agreement. NEP filed its declaratory judgment action in Jefferson Circuit Court on May 23, 1989.
NEP and Allied-Signal are both Delaware corporations. NEP's principal place of business is Birmingham, Alabama. NEP alleged in its complaint that Allied-Signal's principal place of business is Morristown, New Jersey, and that Allied-Signal was doing business by agent in Jefferson County when it entered into the purchase agreement. Garrett, GWF, and CPC are all California corporations and the Biogen and Stockton projects are both in California. Allied-Signal argues that California is the center of gravity of the conflict for the following reasons: 1) the majority of witnesses reside in California; 2) the majority of documents relating to the *Page 1064 
dispute are in California; and 3) California law governs the case.
In support of its motion to dismiss, Allied-Signal submitted the affidavit of Anthony Kruszewski, currently the director of business administration of Allied-Signal Aerospace Company, an unincorporated unit of Allied-Signal, who stated that the purchase agreement was executed in California. In opposition to that motion, NEP filed the affidavit of Leonard Wohadlo, currently one of the co-chief executive officers of NEP, president of Harbert Cogen, Inc. (one of two general partners of NEP), and a senior vice president of Harbert International, Inc. (the parent company of Harbert Cogen). Wohadlo stated that the agreement was executed in Morristown, New Jersey, at Allied-Signal's office.
The trial court's order denying Allied-Signal's motion to dismiss reads:
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the 'Motion to Dismiss' filed June 23, 1989, by Defendant is denied because Section 232 of the Alabama Constitution provides that a foreign corporation may be sued in Alabama and, therefore, Section 6-5-430 of the Code of Alabama (1975) may not deprive a Plaintiff of that right.
"DONE and ORDERED this 23rd day of August, 1989."
Amendment 473 to Ala. Const. 1901, § 232, treats foreign corporations the same as domestic corporations for venue purposes. Section 6-5-430 (as amended by Ala. Acts 1987, Act No. 87-182), the forum non conveniens statute, is applicable to foreign corporations as well as to domestic corporations. AfterEx parte Southern Railway Co., 556 So.2d 1082 (Ala. 1989), trial courts are required to apply the forum non conveniens
doctrine in determining whether to exercise jurisdiction over a foreign cause of action. That case also emphasized that the decision whether to dismiss a case is discretionary with the court, and that "[o]nly when all factors are positively found to require dismissal, should a case be dismissed."
Those factors, under § 6-5-430, are "the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice." All of them must be "positively found" to justify dismissal, Ex parteSouthern Railway Co., supra, and the defendant has the burden of proving them, as § 6-5-430 indicates ("upon motion of the defendant"). The court will weigh the relative advantages and burdens and, " 'unless the balance is strongly in favor of thedefendant, the plaintiffs choice of forum should rarely bedisturbed.' " Ex parte Auto-Owners Ins. Co., 548 So.2d 1029,1032 (Ala. 1989) (quoting Gulf Oil Co. v. Gilbert,330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)) (emphasis added in Auto-Owners Ins. Co.).
The parties dispute where the purchase agreement was signed. Allied-Signal claims it was signed in California; NEP contends it was signed in New Jersey. Neither Allied-Signal nor NEP is a California corporation and neither has its principal place of business there. Allied-Signal argues that most of the potential witnesses are present and past employees of GWF or CPC. NEP points out that those witnesses are now its employees pursuant to the sale of GWF and CPC to it and argues that the defendant cannot base a forum non conveniens claim on inconvenience to the plaintiff. It cites American Can Co. v. Crown Cork SealCo., 433 F. Supp. 333, 338 (E.D.Wis. 1977), which held:
 "The defendant cannot assert plaintiff's inconvenience in support of a motion to transfer. . . . Neither can the defendant assert the inconvenience of the chosen forum to its witnesses without making a detailed showing to the court specifying the key witnesses with general statements of the subject matter of their testimony."
(Citations omitted.) We find this language persuasive and adopt it as it pertains to the facts of the present case.
The fact that this case will be controlled by California law also does not warrant transfer of the case. The purchase agreement contains a clause that states *Page 1065 
that it shall be construed in accordance with California law and performed entirely in that state. Again, as NEP points out, its action seeks a declaration of the rights, duties, and obligations of both parties under the indemnity provisions of the contract; the action is not one for breach of warranty. Resort can be had to the contract itself and a resolution of the issues should not necessitate extensive construction of California law.
 "While it is a factor to be considered, the fact that a federal court may apply state law from a different forum is not to be accorded great weight in deciding a motion to transfer, especially where the applicable state law appears to be clear. . . . These defendants have made no contention that, if applicable, Florida law in this area is unclear, nor have they contended that this court would encounter any difficulty in applying Florida law."
Sorrels Steel Co. v. Great Southwest Corp., 651 F. Supp. 623,630 (S.D.Miss. 1986). Likewise, Allied-Signal has made no such contention with regard to the applicable California law.
Finally, with regard to Allied-Signal's argument concerning the location of pertinent documents, this Court addressed a similar contention in Keelean v. Central Bank of the South,544 So.2d 153, 158 (Ala. 1989), and stated that the location of documents outside of Alabama does not "[create] inconvenience to the defendants, given our ample selection of discoverydevices." (Emphasis added.)
We conclude that the trial judge did not abuse his discretion in denying Allied-Signal's motion to dismiss. The petition for writ of mandamus is hereby denied.
WRIT DENIED.
MADDOX, ALMON, ADAMS and KENNEDY, JJ., concur.