The plaintiffs, James T. Donald and his wife, Dorothy V. Donald, appeal from the dismissal of their fraud complaint against Transport Life Insurance Company ("Transport Life") and its agent, Roderick W. Cole.
The complaint alleged the following facts: In October 1988, James and Dorothy Donald, residents of Mississippi, responded to a mail solicitation by Transport Life, a Texas Corporation, offering a $2,000,000 major medical insurance policy. Thereafter, Roderick Cole, a resident of Marion County, Alabama, and an agent for Transport Life, met with the Donalds in their home in Mississippi and discussed with them the insurance policy offered by Transport Life. The Donalds then terminated their existing insurance policy and replaced it with the policy offered by Transport Life. After receiving and reviewing the policy from Transport Life, the Donalds discovered that the policy contained an exclusion for heart and vascular system diseases and that the policy had been issued at a higher premium than originally quoted by Cole. Thereupon, the Donalds attempted unsuccessfully to reinstate their former policy.
The Donalds sued Transport Life and Roderick Cole in the Circuit Court of Marion County, alleging fraud. The trial court dismissed the complaint without prejudice, pursuant to Ala. Code 1975, § 6-5-430, which adopted the forum non conveniens
doctrine, and the Donalds appeal.
The Donalds argue that because one defendant is an Alabama resident, the action was properly filed in Alabama, and that § 6-5-430 does not provide the trial court with unfettered discretion in dismissing a properly filed complaint where one defendant has voluntarily submitted to the jurisdiction of an Alabama court. Transport Life contends that the Mississippi forum would be more convenient for the parties and witnesses, that the interest of justice would be better served by trying the case in Mississippi, and that therefore the trial court properly dismissed the complaint.
Section 6-5-430 provides:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant may be obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, that courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate *Page 867 
forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal."
In Ex parte Allied-Signal, Inc., 561 So.2d 1062 (Ala. 1990), while this Court held that the decision whether to dismiss a case on the ground of forum non conveniens is within the trial court's discretion, it held that all of the factors under §6-5-430 must be positively found to justify dismissal and that the defendant has the burden of proving these factors. In that case, we stated:
 "Those factors, under § 6-5-430, are 'the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice.' . . . The court will weigh the relative advantages and burdens and, ' "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." ' Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1032
(Ala. 1989) (quoting Gulf Oil Co., v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055
(1947)) (emphasis added in Auto-Owners Ins. Co.)."
561 So.2d at 1064.
In his affidavit, Cole stated that the Donalds completed their application for the insurance policy at their home in Mississippi, but that Cole "filled in the place as Hamilton, Alabama, because at the time of taking Mr. Donald's application [Cole] was not sure of the status of [his] Mississippi insurance license." Cole further stated:
 "Subsequent to taking Mr. Donald's application, I spoke with him by phone on approximately three other occasions that I recall, twice when he called me and once when I called him at his home in Tupelo. There were several other calls, my recollection is two or three, in which Mr. Donald called and spoke to my wife.
 "My home is located approximately 40 miles from Mississippi."
James Donald stated in his affidavit that he signed the application in Mississippi, that Cole completed the application out of Donald's presence, and that the blank spaces for the city, state, and dates were not filled in when he signed the application.
From these facts, this Court cannot positively find that all of the acts giving rise to the Donalds' cause of action occurred in Mississippi or that the dismissal was justified. We conclude, accordingly, that the trial court abused its discretion in dismissing the Donalds' complaint. The trial court's judgment is reversed and the cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, KENNEDY and INGRAM, JJ., concur.