THOMPSON, Judge.
Dynamic Options Corporation (“Dynamic”) sued Criticare Systems, Inc. (“Criti-care”), a foreign corporation, and Fred Arbona, a Madison County resident, in the Circuit Court of Madison County, seeking damages based on breach of contract, intentional interference with business relationships, and related theories of liability. On the motion of the defendants, based on their allegation that Arbona had been fraudulently joined for the purpose of defeating diversity jurisdiction, the case was removed to the United States District Court for the Northern District of Alabama.
While the action was pending in the federal court, the defendants moved for a dismissal pursuant to Ala.Code 1975, § 6-5-430, asserting as grounds that Wisconsin was a more convenient forum and that a declaratory judgment action concerning identical parties and issues was pending in Wisconsin. Before ruling on the motion for dismissal, the United States District Court remanded the action to the circuit court of Madison County, finding that the defendants had failed to demonstrate that Arbona had been joined for the sole purpose of defeating federal jurisdiction.
In the state circuit court, the defendants then renewed their motion to dismiss under § 6-5-430. After a hearing, the trial court granted the motion and dismissed the action. Dynamic appealed to the Supreme Court; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7.
The dispositive facts are as follows. On June 29, 1995, Criticare and Dynamic entered into an exclusive marketing agreement. Under the terms of the agreement, Dynamic was granted the exclusive right to market and sell Criticare medical equipment and accessories within Alabama, Tennessee, Kentucky, North Carolina, South Carolina, Northern Florida, Georgia, Mississippi, and Southeast Louisiana, as well as Cincinnati, Ohio, and Huntington, West Virginia. The agreement provided that Dynamic was to be compensated for the sale of the equipment through sales commissions, paid on a monthly basis. Under the terms of the agreement, Criticare was prohibited from soliciting Dynamic customers without Dynamic’s pri- or consent and was also restricted from soliciting or employing any sales representative of Dynamic within Dynamic’s exclusive market territory for a period of three years after the representative ceased employment with Dynamic.
On August 8, 1997, Criticare filed a declaratory judgment action in Wisconsin, seeking to terminate the agreement. Before receiving notice of the Wisconsin action, Dynamic, on August 15,1997, instituted this action against Criticare and Fred Arbona, who was a Criticare employee and an Alabama resident.[1] In its complaint, Dynamic alleged that Criticare had breached its contract by failing to pay commissions due; had wrongfully appropriated Dynamic’s customer list, and had attempted to solicit Dynamic sales representatives. Dynamic further alleged that Criticare had fraudulently induced Dynamic to enter into the agreement by falsely *43 representing that it would soon have available for sale specific medical monitoring equipment capable of performing revolutionary functions that would make the equipment highly marketable. The complaint included a claim against Criticare for damages recoverable under the Alabama Sales Representative’s Commission Contracts Act, Ala.Code 1975, § 8-24-1 et seq. It also alleged, against Fred Arbona, intentional interference with business relationships.
After the case was remanded by the federal court to the Circuit Court of Madison County, Dynamic moved to dismiss, or in the alternative to stay, the declaratory judgment action that was pending in Wisconsin. A hearing was held on this motion on November 10, 1997. Following the hearing, the Waukesha County, Wisconsin, court denied Dynamic’s motion to dismiss or stay the declaratory judgment action.
On November 7, 1997, upon remand of the case to the Circuit Court of Madison County, Criticare renewed its motion to dismiss, based on § 6-5-430, that had been originally filed in the federal court. In support of its motion, Criticare asserted that it had exercised an option provided under the terms of the agreement, to terminate its relationship with Dynamic because, it contended, Dynamic had failed to meet certain sales requirements set forth in the agreement. Criticare further alleged that when it informed Dynamic that it intended to terminate the agreement, Dynamic threatened to sue Criticare. Cri-ticare asserted that it filed the Wisconsin declaratory judgment action because of Dynamic’s threatened litigation. The Madison Circuit Court dismissed the action without prejudice, based on the fact that Criticare had a virtually identical matter pending in Wisconsin and because it found Wisconsin to be a more convenient forum for the parties and witnesses.
On appeal, Dynamic contends that the trial court improperly dismissed the case under the doctrine of forum non conve-niens. The doctrine of forum non conve-niens governing causes of actions arising outside of Alabama is codified at Ala. Code 1975, § 6-5-430, which provides:
“Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal.”
The Alabama Supreme Court has written:
“[Section 6-5-430, as amended,] requires the courts ... to apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of any action based upon a claim arising outside the state.... This legislation requires the courts to apply this doctrine to all suits brought on a foreign cause of action, without regard to whether the defendant is a foreign corporation or a domestic corporation or whether the defendant is *44 a resident of the State of Alabama or a non-resident.”
Ex parte Southern Ry., 556 So.2d 1082, 1086 (Ala.1989).
Initially, Dynamic argues that § 6-5-430 is inapplicable in the present case because it says the action did not arise outside Alabama. Dynamic is an Alabama corporation; Criticare is a Delaware corporation, with its principal place of business in Wisconsin. Arbona is an employee of Cri-ticare who resided in Alabama at the time this action was filed. The Agreement that is the subject of this action was executed in Huntsville, Alabama. Many of the commissions that Dynamic claims as damages in the action were generated in Alabama. Further, Criticare, through its representative, Arbona, is alleged to have solicited both Dynamic customers and employees in Alabama, in violation of the agreement. The corporate headquarters, which housed the corporate records, was located in Wisconsin, along with numerous corporate representatives who negotiated the terms of the agreement. Dynamic initially approached Criticare about entering into an exclusive marketing agreement for the southeast region. “The determination of the situs of the claim — either inside or outside the state of Alabama — is a factual determination left to the sound discretion of the trial court.” Ex parte Ford Motor Credit Co., 561 So.2d 244, 246 (Ala.Civ. App.1990). From a review of all of the evidence in the record, however, we find that the majority of the conduct giving rise to Dynamic’s action, such as the solicitation of Dynamic’s customers and the recruitment of its sales representatives, occurred in Alabama. In determining whether this action arose outside Alabama, this court might well have reached a conclusion different from that reached by the trial judge. Had the trial judge determined that the cause of action arose in Alabama, § 6-5-430 would not apply. Given the strong presumption in favor of the trial judge on this issue, however, we will assume, without deciding, that the trial judge acted within his discretion in determining that the action arose outside the state, and we will continue our review to determine whether he properly applied the doctrine of forum non conveniens.
“Whether to dismiss an action based on the doctrine of forum non conve-niens is within the sound discretion of the trial court, and its ruling on that issue will not be disturbed absent an abuse of that discretion.” Ex parte United Bhd. of Carpenters, 688 So.2d 246, 249 (Ala.1997). Factors the trial court must consider in determining whether to dismiss an action under § 6-5-430 include the location where the acts giving rise to the action took place, the convenience of the parties and the witnesses, and the interests of justice. Ala.Code 1975, § 6-5-430. The defendant has the burden of proving all of these factors, and each factor must be positively proven in order to justify a dismissal. Donald v. Transport Life Ins. Co., 595 So.2d 865 (Ala.1992). In making its determination, the court must weigh the relative advantages and burdens placed on the parties, but, “ ‘unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.’ ” Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1032 (Ala.1989)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Criticare claims that its witnesses will be caused great inconvenience and expense by having travel to Alabama to litigate this matter. However it fails to demonstrate how this inconvenience will be a greater hardship than that suffered by Dynamic’s witnesses in traveling to Wisconsin. Further, Dynamic is an Alabama corporation that employs Alabama citizens and pays taxes in Alabama; therefore, Alabama has a compelling interest in this action. Ex parte United Bhd. of Carpenters, supra, 688 So.2d, at 249. The evidence presented does not demonstrate that the relative inconveniences are so unbalanced as to warrant a dismissal under § 6-5-430.
*45 The trial judge cited the pending Wisconsin declaratory action as additional grounds for dismissing this action under § 6-5-430. Under the circumstances presented by the present case, we do not find the fact of that pending action sufficient evidence to shift the balance of proof required under § 6-5-430 to the defendant’s favor. Our Supreme court has held that the fact of a prior pending action in another state, involving the same parties and issues, does not bar a subsequently filed action in Alabama. Cherry, Bekaert & Holland v. Brown, 582 So.2d 502, 505 (Ala.1991). The court explained its reasoning as follows:
“ ‘The mere pendency of an action in one state has no effect on the right to bring an action in another. Whichever suit is first carried to judgment then bars the other, but it is only the rendition of judgment which has that effect. Until judgment is rendered, successive suits may be brought on the same cause of action in a dozen different states. While rendition of judgment on a prior judgment from another state as a cause of action does not discharge the prior judgment by merger or otherwise, the satisfaction of either judgment will discharge both.’ ”
Id. (quoting R. LeFlar, American Conflicts Law § 75 (3d ed.1977)).
For the foregoing reasons, we conclude that the trial judge abused his discretion in dismissing this case pursuant to Ala.Code 1975, § 6-5-430. The judgment of dismissal is therefore reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., dissents.

. Dynamic was not served with Criticare's complaint until August 27, 1997.