CRAWLEY, Judge,
dissenting.
Judge Thompson correctly states that a trial court’s judgment on a motion to dismiss an action based on the doctrine of forum non conveniens, codified at Ala.Code 1975, § 6-5-430, will not be reversed absent an abuse of discretion. After reviewing the record, I conclude that the trial court did not abuse its discretion, and I would affirm the trial court’s judgment dismissing the action; therefore, I respectfully dissent.
Alabama caselaw consistently states that the abuse-of-discretion standard governs the application of § 6-5-430. Every time our supreme court has reviewed a trial court’s decision not to dismiss an action pursuant to § 6-5-430, the supreme court has denied the writ of mandamus seeking to direct the trial court to dismiss the action. Ex parte United Bhd. of Carpenters & Joiners of America, AFL-CIO, 688 So.2d 246 (Ala.1997); Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala.1994); Ex parte Employers Ins. of Wausau, 590 So.2d 888 (Ala.1991); Ex parte Allied-Signal, Inc., 561 So.2d 1062 (Ala.1990); Ex parte Auto-Owners Ins. Co., 548 So,2d 1029 (Ala.1989); Ex parte Illinois Cent. Gulf R.R., 537 So.2d 899 (Ala.1988). Even more interesting is the fact that in only one case has a writ of mandamus been denied where the trial court dismissed the action pursuant to § 6-5-430. Ex parte Ben-Acadia, Ltd., 566 So.2d 486 (Ala.1990). In all other cases where the trial court dismissed the action pursuant to § 6-5-430, the supreme court has stated that an abuse-of-discretion standard applies, but the trial court’s judgment has been reversed or a writ of mandamus has been issued directing the trial court to reinstate the action. Ex parte Integon Corp., 672 So.2d 497 (Ala.1995); Shepherd v. Maritime Overseas Corp., 614 So.2d 1048 (Ala.1993); Donald v. Transport Life Ins. Co., 595 So.2d 865 (Ala.1992); Vandergriff v. Southern Ry., 537 So.2d 904 (Ala.1988).
“The prevailing question of whether a ease should be entertained or dismissed depends upon the facts of the particular case and is addressed to the sound dis *46 cretion of the trial judge. In determining whether to exercise or decline to exercise jurisdiction, the trial judge should consider the location where the acts giving rise to the action occurred, the relative ease of access to sources of proof, the location of the evidence, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the premises, if a view would be appropriate to the action, and any other matter in order to assess the degree of actual difficulty and hardship that would result to the defendant in litigating the case in the forum chosen by the plaintiff. If, with an eye toward the goal of achieving a fair trial and after weighing all of the pertinent factors, the judge finds that the balance is strongly in favor of the defendant, he may decline to exercise jurisdiction and dismiss the complaint.”
Ex parte Ben-Acadia, 566 So.2d at 488 (emphasis added).
The trial court applied the factors quoted above, and I cannot conclude that it abused its discretion in its application. Most of Criticare’s witnesses are located in Wisconsin, including its officers who have knowledge of the agreement at issue and other employees that Dynamic contacted in its business dealings with Criticare. Most of Dynamic’s witnesses are located outside Alabama, and even its Alabama employees do not spend much time in Alabama, because they are traveling over the southeast. Most of the documentary evidence is also located in Wisconsin. Furthermore, the pending action in Wisconsin is litigating these issues already, and duplicating the litigation is not necessary.