Brookwood Health Services, Inc. ("Brookwood"), appealed to the Montgomery Circuit Court from a decision of the Alabama State Health Planning and Development Agency ("SHPDA"). The Montgomery Circuit Court transferred the appeal to the Shelby Circuit Court, under the doctrine offorum non conveniens. Brookwood petitions for a writ of mandamus directing the Montgomery Circuit Court to set aside its transfer order, arguing that the court abused its discretion in entering that order. We grant the petition and issue the writ.
In May 1996, Brookwood applied for a certificate of need ("CON") to construct and operate a cancer-treatment center in Shelby County. The Shelby County Health Care Authority ("the Authority"), acting with the assistance of Baptist Health Systems ("Baptist"), timely intervened in Brookwood's CON application and requested a contested-case hearing.
Two months after Brookwood filed its application, the Authority submitted its separate CON application to construct and operate a cancer-treatment center in Shelby *Page 956 
County. Brookwood timely intervened in the Authority's CON application and requested a contested-case hearing.
Because it had two separate CON applications, SHPDA assigned the review of both applications and their respective interventions to the same administrative law judge ("ALJ"). Before the hearings, the ALJ denied the Authority's request for consolidation and comparative review; however, she allowed the contested-case hearings to be conducted back-to-back for the convenience of the witnesses and the parties. The contested-case hearing on Brookwood's application was held first. Following the conclusion of that hearing, the Authority designated all of the testimony and evidence received in the Brookwood hearing as evidence in support of its application for a CON. Subsequently, the ALJ issued her findings of fact and conclusions of law, and she recommended that both Brookwood and the Authority be granted a CON for the construction and operation of a cancer-treatment center in Shelby County.
The Certificate of Need Review Board ("CONRB") conducted public hearings on both Brookwood's proposal and the Authority's proposal and voted consecutively to approve both projects. Thereafter, Brookwood and Baptist separately filed requests for a fair-hearing review of the CONs granted. Although the hearings were conducted by the same Fair Hearing Officer ("FHO") on the same day, the FHO did not merge or consolidate the cases. The FHO upheld both the CON granted to Brookwood and the CON granted to the Authority.
On December 11, 1998, Baptist filed in the Shelby Circuit Court a petition for judicial review of the CON granted to Brookwood. On December 23, 1998, Brookwood filed in the Montgomery Circuit Court a petition for judicial review of the CON granted to the Authority. The Authority, on January 22, 1999, moved to transfer Brookwood's appeal from the Montgomery Circuit Court to the Shelby Circuit Court.
In its order transferring Brookwood's appeal to the Shelby Circuit Court, the Montgomery Circuit Court stated:
 "Both parties agree that venue is proper in Montgomery County, but Shelby County Health Care Authority asks the Court to exercise its discretion under the forum non conveniens doctrine to transfer this case to Shelby County so that the same court can decide both appeals arising from essentially a single record involving interdependent facts and issues, and that the county where the proposed service is to be located is the most logical forum for the case."
Brookwood filed a motion to "reconsider" the transfer. The Montgomery Circuit Court denied the motion. Brookwood petitioned the Court of Civil Appeals for a writ of mandamus directing the circuit court to set aside the transfer order. The Court of Civil Appeals denied the petition on July 20, 1999, without an opinion. Ex parte Brookwood Health Servs., Inc., (No. 2981098) 781 So.2d 1034 (Ala.Civ.App. 1999) (table). Brookwood now petitions this Court for the writ. See Rule 21, Ala.R.App.P.
Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court. Ex parte Integon Corp.,672 So.2d 497, 499 (Ala. 1995). "A petition for the writ of mandamus is a proper method for presenting *Page 957 
a venue challenge based on the doctrine of forum non conveniens."Id. (citations omitted). We apply the abuse-of-discretion standard when considering a mandamus petition challenging a venue ruling, and we will not issue the writ unless the trial court exercised its discretion in an arbitrary and capricious manner.Id.
To determine whether the trial court's order was an abuse of its discretion, we must look to the Alabama Administrative Procedure Act ("AAPA"), codified at Ala. Code 1975, §§ 41-22-1 through 41-22-27. Section 41-22-20(b) states the proper forum for appeals from administrative agencies:
 "A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state."
Ala. Code 1975, § 41-22-20(b).
Brookwood filed its appeal of the order granting the Authority's CON to the Montgomery Circuit Court, one of the courts specifically provided for in the AAPA.
We have said that a trial court, when considering a motion to transfer under the doctrine of forum non conveniens, "should give deference to the plaintiff's proper choice of venue" and that it should not grant a motion to transfer unless the transferee forum is "significantly more convenient" than the transferor forum. Ex parte Bloodsaw,648 So.2d 553, 555 (Ala. 1994). The movant bears the burden of demonstrating that the inconvenience and expense of litigating the case in the venue selected is such that the right to select the forum is overcome. Ex parte New England Mut. Life Ins. Co.,663 So.2d 952, 956 (Ala. 1995). Furthermore, the trial court is allowed to consider any matter useful to determine the "degree of actual difficulty and hardship that would result" from litigating the matter in the chosen forum. Ex parte Bloodsaw, 648 So.2d at 555.
The Authority's chief argument in favor of the transfer was that the record on appeal to the circuit court was virtually identical in both cases because at its hearing before the ALJ the Authority did not present separate testimony and evidence, but merely designated that it wished the ALJ to consider the record created in the Brookwood hearing.
Because the appeal to the circuit court is from the ruling of an administrative agency, the circuit court is limited in its review to the record created during the SHPDA proceedings. See Ex parte Smith,435 So.2d 108, 110 (Ala.Civ.App. 1983). No witnesses will be called, and no additional evidence can be offered; the record is complete. Therefore, convenience of the witnesses is not a consideration in favor of a transfer on forum non conveniens grounds.
A second ground upon which the Authority moved for a transfer was the "interest of judicial economy." Although it may be simpler to have one judge consider the written record, we must recognize that these are, in fact, two separate actions. From the beginning, the actions of the ALJ, the CONRB, and the FHO all indicated a desire by SHPDA to keep the two cases separate. In its brief to this Court, SHPDA maintains that the trial court *Page 958 
abused its discretion in granting the motion to transfer. We agree.
Because Brookwood's appeal stems from the grant of a separate, independent CON, and the two appeals in the circuit courts are founded upon different allegations and theories, no threat of conflicting judgments exists. The Circuit Court of Montgomery County is directed to set aside the transfer order.
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Houston, Johnstone, and England, JJ., concur.