MOORE, Chief Justice
(dissenting).
I respectfully dissent because I do not believe a writ of mandamus is the proper means by which to force a change of venue. The doctrine of forum non conveniens was not available to Alabama courts until 1987. See Ex parte Ford Motor Credit Co., 772 So.2d 437, 440 (2000) (citing Ex parte Illinois Cent. Gulf R.R., 537 So.2d 899 (1988)). Even during the first decade after the legislature amended § 6-5-430, Ala.Code 1975, to reference the doctrine of forum non conveniens, this Court typically upheld a trial court’s decision not to dis *732 miss an action on the basis of the doctrine of forum non conveniens. See, e.g., Ex parte United Bhd. of Carpenters & Joiners of America, AFL-CIO, 688 So.2d 246 (Ala. 1997); Ex paHe Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala.1994); Ex parte Employers Ins. of Wausau, 590 So.2d 888 (Ala.1991); Ex paHe Allied-Signal, Inc., 561 So.2d 1062 (Ala.1990); Ex paHe Auto-Owners Ins. Co., 548 So.2d 1029 (Ala.1989); and Ex paHe Illinois Cent. Gulf R.R., supra.
I believe issuing a writ of mandamus in this case would take this Court one step further from the purpose and meaning of mandamus and give the impression that mandamus is an ordinary, rather than an extraordinary, remedy. It is not — or, at least, it ought not to be.

I. Mandamus is an Extraordinary Writ

As the majority opinion points out: “ ‘Mandamus is a drastic and extraordinary writ.’ ” 128 So.3d at 726 (quoting Ex paHe Brookwood Health Servs., Inc., 781 So.2d 954, 956-57 (Ala.2000)) (emphasis added). I agree. The Random House Dictionary (2013) defines “drastic” as “extremely severe or extensive.” Collins English Dictionary (10th ed. 2009) defines “drastic” as “extreme or forceful.” These definitions use the words “extremely” or “extreme,” which refer to “a character or kind farthest removed from the ordinary or average,” or, in the alternative, to the “utmost or highest degree, or a very high degree.” The Random House Dictionary (2013) (emphasis added). The term “extraordinary” refers to that which is “beyond what is usual, ordinary, regular, or established.” Id. The term can mean “exceptional in character, amount, extent, [or] degree.” Id. Accordingly, this Court ought to treat an extraordinary writ of mandamus as an extreme or drastic option, not as a routine substitute for regular judicial review and supervision.

II. Standard of Review

The standard of review for mandamus relief is as follows:
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.’ ”
Ex paHe Kia Motors America, Inc., 881 So.2d 396, 399 (Ala.2003)(quoting Ex paHe Brookwood Health Servs., 781 So.2d at 956) (emphasis added). The mandamus standard is not a mere balancing test of various factors. Mandamus is a remedy that becomes an option only when a party has met a threshold consisting of four factors: “The burden is on the petitioner who seeks a writ of mandamus to show that each element required for issuance of the writ has been satisfied.” Ex paHe Patterson, 853 So.2d 260, 263 (Ala.Civ.App.2002). But even then we need not grant it. It is discretionary: nothing in the standard of review requires this Court to issue the writ, even if a party has satisfied all four factors.
The standard of review for mandamus relief is, accordingly, couched in strong words befitting a remedy so drastic and extraordinary: the legal right must be clear, the respondent’s duty to perform the refused act must be imperative, and other adequate remedies must be lacking. To be clear is to be plain or evident; to be imperative is to be compulsory or obligatory; to be lacking is to be nonexistent. See The Random House Dictionary; see also Collins English Dictionary. These are *733 strong words reserved for an extreme judicial remedy.
As the majority opinion points out, a subsidiary standard of review for mandamus relief is whether a trial judge, in acting or refusing to act, has exceeded his or her discretion. 128 So.3d at 727 (quoting Ex parte Kia Motors, 881 So.2d at 899). Whether to dismiss an action based on the doctrine of forum non conveniens is a factual determination that is within the sound discretion of the trial judge, and this Court ought not disturb his or her ruling unless the trial judge has exceeded his or her discretion.[1] Ex parte Kia Motors, 881 So.2d at 399. This Court has held that “ ‘unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.’ ” Ex parte Auto-Oumers Ins. Co., 548 So.2d 1029, 1032 (Ala.1989) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)) (emphasis omitted; emphasis added).
In the context of a challenge to venue, a trial judge exceeds his or her discretion if the judge acts arbitrarily or capriciously. Ex parte Kia Motors, 881 So.2d at 399. Therefore, a party seeking a writ of mandamus to direct a trial judge to enter an order dismissing a case on the basis of the doctrine of forum non conveniens must show not only that it has met all four factors of the mandamus standard, but also that the trial judge acted arbitrarily or capriciously by refusing to dismiss the case. Id. Even if Transportation Leasing Corp. (“TLC”) and Aquilex Hydrochem, LLC (“Aquilex”), have satisfied these four factors, this Court should not issue the writ unless doing so will remedy a rare injustice brought about by the trial judge’s arbitrary or capricious behavior. Id. In this case, TLC and Aquilex have not demonstrated that they have a clear legal right to a writ of mandamus and that the trial court had an imperative duty to dismiss the case.

A. Clear Legal Right

To have a clear legal right to mandamus relief, TLC and Aquilex must positively prove (1) that Ronald Weir’s claims arose outside of Alabama and (2) that a more appropriate forum than the Perry Circuit Court exists in light of the acts giving rise to the claims, the convenience of the parties and witnesses, and the interests of justice. § 6-5-430, Ala.Code 1975. See, e.g., Donald v. Transport Life Ins. Co., 595 So.2d 865, 867 (Ala.1992); Ex parte Allied-Signal, Inc., 561 So.2d 1062, 1064 (Ala.1990) (“All of [the factors] must be ‘positively found’ to justify dismissal....”); and Ex parte Southern Ry., 556 So.2d 1082, 1091 (Ala.1989) (“Only when all factors are positively found to require dismissal should a case be dismissed.”).
The movant for a dismissal “has the burden of proving all of these factors, and each factor must be positively proven in order to justify dismissal.” Dynamic Op *734 tions, Inc. v. Criticare Sys., Inc., 739 So.2d 41, 44 (Ala.Civ.App.1998) (emphasis added). Accordingly, it is not enough for TLC and Aquilex to prove one factor or to show a high likelihood that they have satisfied the factors to justify a dismissal on the basis of the doctrine of forum non conve-niens; they must provide sufficient evidence for a trial judge to positively find that a dismissal is warranted. Ex parte Southern Ry., 556 So.2d at 1091.
Given the facts before it, the trial court determined that TLC and Aquilex had not met their burden of establishing a clear legal right to a dismissal based on the doctrine of forum non conveniens or at least that they had not positively proved that they had met their burden. By issuing a writ of mandamus, this Court holds that TLC and Aquilex did, in fact, meet their burden. In effect, the majority opinion reviews the facts of the case and then comes to a conclusion different from the trial judge’s conclusion, thereby substituting its judgment for his. Such an exercise might be appropriate for de novo review, but the correct standard of review appears to be whether the trial court exceeded its discretion. The trial court’s determinations are entitled to greater deference than they appear to have been given in the majority opinion.

B. Imperative Duty to Perfomi

The trial court did not arbitrarily or capriciously fail to perform an imperative duty. Judge Jones[2] may have been happy to lighten his docket by dismissing this case, but I submit that the reason he did not dismiss it is most likely because this Court has established a high burden of proof for parties seeking a dismissal pursuant to the doctrine of forum non conve-niens. A trial judge is, after all, bound to follow the precedents of this Court, and Judge Jones was bound to positively find that TLC and Aquilex were entitled to a dismissal based upon the factors of a forum non conveniens analysis. Ex parte Southern Ry., 556 So.2d at 1091.
The majority opinion does not take into account several issues that may have influenced Judge Jones’s decision. For example, Weir might still be attempting to serve one of the defendants, who is a resident of Alabama. In his objection to TLC and Aquilex’s motion to dismiss on the ground of forum non conveniens, Weir points out that the “[djefendant Gordon Booker is a resident of Perry County, Alabama.” What difference does it make for defendants from Ohio or Illinois to travel to Mississippi rather than Alabama? If Weir were to serve the defendant who is an Alabama resident, would the inconvenience to the Mississippi witnesses who must travel to Alabama outweigh the inconvenience to the Alabama defendant who must travel to Mississippi? If the Mississippi witnesses would not comply with an Alabama subpoena, they would harm only Weir’s case, and it was, of course, Weir who chose the forum and subjected himself to that possibility.
Moreover, Weir has suggested that Alabama witnesses may have knowledge relevant to his cause of action. In his objection, Weir stated: “[A]t a maximum, there are only three (3) real Mississippi witnesses involved in this case. This would include [Weir] and Officers [Tommie] Coker and [Dean] Hax-per. However, there are an equal number of witnesses in this case from the State of Alabama.” Id. As this Court has stated: “[I]t makes little sense to move a case from Alabama to *735 another forum in order to accommodate out-of-state witnesses when to do so would necessarily inconvenience those witnesses who reside in Alabama.” Ex parte United Bhd. of Carpenters & Joiners of America, AFL-CIO, 688 So.2d at 250. Weir also indicated that he “has retained the services of Cliff Prosser, an accident recon-structionist from Jefferson County, Alabama.” He adds that “Mr. Prosser has and/or will be assisted in his work by Jeff Standrich who is also a resident of Jefferson County, Alabama.” Id. All the foregoing would suggest that the trial judge had valid reasons for denying TLC and Aquilex’s motion to dismiss.

III. Conclusion

“We have too many high-sounding words,” Abigail Adams once wrote in a letter to her husband, John, “and too few actions that correspond with them.” Abigail Adams, Letter to John Adams (October 16, 1774), in Correspondence of John and Abigail Adams 144 (John Patrick Dig-gins ed., 2004). “Mandamus” is a high-sounding word defined as an extraordinary writ, yet the actions of this Court do not seem to conform to that definition. By issuing the writ of mandamus liberally, this Court undermines the meaning and purpose of the writ. TLC and Aquilex have failed to meet the high standard required before this Court is able to issue the writ. They have not satisfied the factors to demonstrate that they are entitled to this Court’s discretionary consideration of their petition, let alone the actual issuance of the writ.
By issuing the writ of mandamus here, this Court is, in essence, ignoring its own high standards for mandamus review and ruling that Judge Jones acted arbitrarily or capriciously by adhering to those standards. On the contrary, Judge Jones was merely doing what § 6-5-430, Ala.Code 1975, and our precedent required him to do. I would deny TLC and Aquilex’s petition for the writ of mandamus; therefore, I dissent.

. There was a time when trial courts were entitled to so much discretion as to their factual determinations that a higher court would not issue a writ of mandamus even if the trial court provided false reasons for why a writ of mandamus should not issue. As Sir William Blackstone explains: ''[I]f [the trial judge], at the first, returns a sufficient cause, although it should be false in fact, the court of the king's bench will not try the truth of the fact upon affidavits; but will for the present believe him, and proceed no farther on the mandamus.” 3 Sir William Blackstone, Commentaries on the Laws of England *111. In such a situation, the remedy would not have been a writ of mandamus to the trial judge, but "an action against him for false return.” Id. Only if that subsequent action were successful would the trial court be subject to the supervisory power of mandamus. Id. This Court has wandered far afield from the traditional understanding of this extraordinary writ.

. Judge Thomas ap R. Jones’s term of office expired January 14, 2013; he was succeeded by Judge Collins Pettaway, Jr.