BOLIN, Justice.
Transportation Leasing Corp. (“TLC”) and Aquilex Hydrochem, LLC (“Aquilex”), petition this Court for a writ of mandamus ordering the Perry Circuit Court to vacate its order denying TLC and Aquilex’s motion to dismiss the action without prejudice to refile in Mississippi in accordance with the doctrine of forum non conveniens and to enter an order dismissing the action without prejudice. We grant the petition and issue the writ.

Facts and Procedural Histoi'y

On July 21, 2011, Ronald Weir, a resident of Mississippi, was severely injured in an automobile accident in Meridian, Mississippi. On July 18, 2012, Weir filed a complaint in the Perry Circuit Court naming as defendants TLC, Aquilex, Floyd Hershey, and Gordon Booker and alleging *725 negligence, wantonness, and negligent en-trustment. In his complaint, Weir alleged that TLC was a corporate entity whose principal office is located in Illinois and that Booker, an Alabama resident, was operating a vehicle owned by TLC when the accident occurred. Weir alleged that Aquilex was a corporate entity whose principal office is located in Ohio and that Hershey, a resident of Ohio, was operating a vehicle owned by Aquilex when the accident occurred. Weir sued TLC, Aquilex, Booker, and Hershey. TLC and Aquilex have been served with notice of the action, but Booker and Hershey have not.
On August 22, 2012, TLC and Aquilex (hereinafter collectively referred to as “the petitioners”) filed a motion to dismiss in the trial court on the ground that Mississippi was a more convenient forum than the Perry Circuit Court for the following reasons: (1) Weir is a resident of Mississippi; (2) the accident occurred in Mississippi; (3) the accident was investigated by the Meridian Police Department; (4) the investigating police officer, Tommie Coker, is a resident of Mississippi; (5) Aquilex’s principal office is located in Ohio; (6) TLC’s principal office is located in Illinois; (7) a witness to the accident, Dean Harper (who also is a police officer), resides in Mississippi; and (8) Hershey resides in Ohio. The petitioners argue that Mississippi is a more convenient forum because Booker is the only connection the action has to Alabama and the majority of witnesses and accident-related documents are in Mississippi. In support of the motion, the petitioners attached an affidavit from Officer Coker, who investigated the accident. In the affidavit, Officer Coker stated that it would be inconvenient and a hardship for him to travel to Alabama to testify. The petitioners also attached an affidavit from Officer Harper, who happened to be an eyewitness to the accident. Officer Harper stated in his affidavit that it would be inconvenient and a hardship for him to travel to Alabama to testify. The petitioners also filed an affidavit from the father of another person injured in the accident regarding the residency of the injured person, but the affidavit was not notarized.
On October 30, 2012, Weir filed a motion to strike the affidavits filed in support of the motion to dismiss. That same day, Weir also filed a response to the motion to dismiss, arguing that the petitioners had failed to demonstrate that all the claims arose outside of Alabama because one of Weir’s claims was a negligent-entrustment claim based on negligent entrustment that occurred in Perry County, Alabama, when TLC entrusted its vehicle to Booker. Weir also argued that the petitioners’ argument that the majority of witnesses and accident-related documents are in Mississippi is inaccurate because Booker is from Alabama and Weir’s accident-reconstruction expert witnesses are from Alabama. Last, Weir argued that neither of the officers in his affidavit stated definitely that he would not attend a deposition or a trial in Alabama, only that it would be inconvenient.
On November 7, 2012, the trial court entered an order striking the affidavit that had not been notarized but refusing to strike Officer Coker’s and Office Harper’s affidavits. That same day, the trial court denied the petitioners’ motion to dismiss. On December 18, 2012, the petitioners timely filed a petition for a writ of mandamus.

Standard of Review

A petition for a writ of mandamus is the appropriate method for obtaining review of a ruling denying a motion to dismiss based on the doctrine of forum non conveniens. Ex parte Kia Motors America, Inc., 881 So.2d 396 (Ala.2003).
*726 “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court. Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘A petition for the writ of mandamus is a proper method for presenting a venue challenge based on the doctrine of forum non con-veniens.’ Id. (citations omitted). We apply the abuse-of-discretion standard when considering a mandamus petition challenging a venue ruling, and we will not issue the writ unless the trial court exercised its discretion in an arbitrary and capricious manner. Id.”
Ex parte Brookwood Health Servs., Inc., 781 So.2d 954, 956-57 (Ala.2000). Furthermore, our review is limited to those facts that were before the trial court. Ex parte Jim Burke Auto., Inc., 776 So.2d 118,120 (Ala.2000).

Discussion

Section 6-5^430 provides:
“Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal.”
(Emphasis added.)
“The purpose of the doctrine of forum non conveniens is to ‘prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.’ ” Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003) (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995)). “Under § 6-5^430 a trial court must dismiss without prejudice ‘if, upon motion of a defendant, it is shown that there exists a more appropriate forum outside the state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justiceEx parte Da-imlerCh'rysler Co't’p., 952 So.2d 1082, 1087 (Ala.2006) (quoting Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998)).
“The doctrine of forum non conve-niens requires a court to determine whether to accept or to decline jurisdiction of claims arising outside the state. Ex parte Integon Coip., 672 So.2d 497 (Ala.1995). ‘Initially, the party seeking *727 dismissal must show that the claim[s] arose outside Alabama. Next, that party must show that an alternative forum exists.’ 672 So.2d at 499; Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842, 845 (AJa.1994); Ex parte Employers Ins. of Wausau, 590 So.2d 888, 893 (Ala. 1991); Jerome A. Hoffman & Sandra C. Guin, Alabama Civil Procedure § 2.148 (2d ed. 2000) (‘A party seeking dismissal under § 6 — 5-^430 must establish that the claim to be dismissed arose elsewhere than in Alabama.’ (footnote omitted)).
“Thus, the trial court is compelled to dismiss an action without prejudice if ... it is shown that there exists a more appropriate forum outside the state....”
Ex parte Kia Motors, 881 So.2d at 399-400.
Pursuant to § 6-5-430, a defendant seeking dismissal of an action based on the doctrine of forum non conveniens must show that the plaintiffs claims arose outside of Alabama and that a more appropriate forum exists based on the location of the acts giving rise to the action, the convenience of the parties and witnesses, and the interests of justice. Malsch v. Bell Helicopter Textron, Inc., 916 So.2d 600 (Ala.2005). We note that the petitioners have agreed to a stipulation of a dismissal without prejudice that allows Weir to file an action in Mississippi and that they have also agreed to waive any defense based on the statute of limitations.
In Ex parte Kia Motors, supra, several residents of Florida were riding in a 1998 Kia Sephia automobile when they were involved in a high-speed crash with another car in Florida. The Sephia left the roadway, came to rest in a pasture, where it caught fire and burned. Only one occupant of the automobile survived. The representatives of the estates of the decedents filed an action in the Houston Circuit Court against Kia Motors America and Kia Motors Corporation (both of which are headquartered outside of Alabama) and against the automobile dealership located in Houston County, Alabama, where the automobile had been purchased. The plaintiffs asserted products-liability, breach-of-warranty, negligence, and wantonness claims against Kia and products-liability and breach-of-warranty claims against the dealership. Kia and the dealership filed a motion to dismiss the Alabama action based on the doctrine of forum non conveniens because the accident occurred in Florida and the majority of the witnesses and documents related to the accident were located in Florida. They argued that the interests of justice required that the case be heard in Florida. One of the issues was where the breach-of-warranty claim arose. This Court concluded that under Alabama’s Uniform Commercial Code, for the purposes of a motion to dismiss based on the doctrine of forum non conveniens, a breach-of-warranty claim arises where the injury occurred. Accordingly, we held that all the plaintiffs’ claims arose in Florida and that the Alabama action should be dismissed without prejudice.
Weir does not dispute that his negligence and wantonness claims arose in Mississippi. However, Weir argues that his negligent-entrustment claim arose in Perry County, Alabama, because TLC entrusted its vehicle to Booker in Perry County. Weir argues that the foundation of a negligent-entrustment claim focuses on the act of entrustment and the entrus-tee’s incompetence and that, therefore, the location of the accident involving the en-trustee is not necessarily where the negligent-entrustment claim arose.
We recognize that to succeed on a negligent-entrustment claim, the plaintiff must prove that the entrustor knew or had *728 reason to know of the entrustee’s incompetence. Liao v. Harry’s Bar, 574 So.2d 775 (Ala.1990). Although an entrustor may be guilty of negligent entrustment of a vehicle to an incompetent driver, he or she may not be held liable for such negligence unless the injury is proximately caused by the incompetence of the entrus-tee. Keller v. Kiedinger, 389 So.2d 129 (Ala.1980). “[0]ne who entrusts an automobile to an incompetent driver, incompetent as a matter of law or in fact, is guilty of negligent entrustment; however, the entrustor’s liability for such entrustment depends upon an injury proximately resulting from the incompetency of the en-trustee.” Bonds v. Busier, 449 So.2d 244, 245 (Ala.Civ.App.1984).
In Jones Express, Inc. v. Jackson, 86 So.3d 298 (Ala.2010), the parents of a motorist brought a wrongful-death action against the trucking company and truck driver involved in the accident in which the motorist was killed. The parents alleged that the trucking company had negligently hired, retained, and supervised the truck driver and that the truck driver had negligently collided with the motorist’s car. The jury found in favor of the parents on their negligent hiring, retention, and supervision claim. However, the jury found in favor of the truck driver on the parents’ negligence claim. We held that the jury’s finding that the truck driver was not negligent was inconsistent with a finding that the trucking company was negligent in hiring and supervising the driver. We explained that implicit in the tort of negligent hiring, retention, training, and supervision is the concept that, as a consequence of the employee’s incompetence, the employee committed some sort of act, wrongdoing, or tort that caused the plaintiffs injury.
“It has been stated generally that, in order for an employer to be liable for the negligent hiring, training, retention, and supervision of its employee, the plaintiff must also prove ‘wrongful conduct’ on the part of the employee. University Fed. Credit Union v. Grayson, 878 So.2d 280, 291 (Ala.2003) (‘[A] party alleging negligent supervision and hiring must prove the underlying wrongful conduct of the defendant’s agents.’); Voyager Ins. Cos. v. Whitson, 867 So.2d 1065, 1073 (Ala.2003) (‘A party alleging negligent or wanton supervision and hiring must also prove the underlying wrongful conduct of employees.’); see also Stevenson v. Precision Standard, Inc., 762 So.2d 820 (Ala.1999) (holding that a jury verdict against an employer based on negligent training and supervision of a supervisor who allegedly sexually harassed a fellow employee could not stand where the jury also exonerated the supervisor); Smith v. Boyd Bros. Transp., Inc., 406 F.Supp.2d 1238, 1248 (M.D.Ala. 2005) (‘Under Alabama law, the finding of underlying tortious conduct is a precondition to invoking successfully liability for the negligent or wanton training and supervision of an employee.’); and Thrasher v. Ivan Leonard Chevrolet, Inc., 195 F.Supp.2d 1314, 1320 (N.D.Ala. 2002) (‘In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed ... [a] tort.’).”
86 So.3d at 304.
We recognize that in order to prove negligent entrustment, the plaintiff must present evidence indicating that the entrustment was negligent, e.g., that an unreasonable risk of harm was created by placing control of a motor vehicle in the hands of an incompetent driver. In the present case, there will likely be evidence presented of the alleged negligent entrustment, which occurred in Alabama. How *729 ever, an entrustor may not be held liable for negligence unless the injury is proximately caused by the incompetence of the entrustee, and, therefore, for the purposes of the doctrine of forum non conveniens, negligent entrustment of a motor vehicle does not arise until the negligent act is committed by the entrustee. Here, the accident and any alleged negligence that caused the accident occurred in Mississippi.
In the present case, the automobile accident giving rise to the negligence, wantonness, and negligent-entrustment claims occurred in Mississippi. We now turn to the question whether Mississippi is an alternative forum. The accident occurred in Mississippi. Weir resides in Mississippi, and the petitioners (the only defendants who have been served in the action) do not reside in either Alabama or Mississippi. The accident was investigated by the Meridian, Mississippi, Police Department. The investigating police officer is a resident of Mississippi. The investigating officer and at least one eyewitness have asserted that it would be inconvenient and a hardship for them to travel to Alabama to testify. Weir asserts that neither of the affidavits definitively state that the witness would not be able to or would have refused to testify in Alabama. In Ex parte Ben-Acadia, Ltd., 566 So.2d 486 (Ala.1990), this Court stated that, in addition to taking into account the location of the acts giving rise to action, the convenience of the parties and witnesses, and the interests of justice, the trial court, in determining whether a dismissal of the action on the basis of the doctrine of forum non conveniens should be granted, should consider
“the relative ease of access to sources of proof, the location of the evidence, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the premises, if a view would be appropriate to the action, and any other matter in order to assess the degree of actual difficulty and hardship that would result to the defendant in litigating the case in the forum chosen by the plaintiff.”
566 So.2d at 88. Nothing in our caselaw provides that the witness state that he or she refuses to testify instead of indicating that testifying in the initial forum will present a hardship and would be inconvenient. After all, the entire purpose of the doctrine of forum non conveniens is to relieve a defendant of the undue burden of litigating in an especially inconvenient forum.
Weir also argues that the expert witnesses he expects to call to testify regarding accident reconstruction are from Alabama and that those witnesses will be inconvenienced by having to travel to Mississippi. As we indicated in Ex parte Da-imlerChrysler Corp., supra, expert witnesses regularly travel to testify at trials. The expert makes it part of his or her business to travel to the site of litigation both within and outside of this State, and the travel distance from Birmingham to the proposed venue in Meridian, Mississippi, although greater than the distance to Perry County, does not appear to be unduly greater for someone for whom travel to the site of litigation is a customary part of their business. We cannot say that the physical presence of those witnesses in Alabama (assuming that they would not make themselves available in Mississippi) outweighs the inconvenience of the investigating officer and the eyewitnesses in this case of traveling to Alabama.
The interests-of-justice prong of the forum non conveniens analysis also weighs in favor of dismissing the action so *730 that it can be refiled in Mississippi. In Ex parte First Family Financial Services, Inc., 718 So.2d 658, 661 (AIa.1998), this Court noted:
“ “Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcement of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, ‘vex,’ ‘harass,’ or ‘oppress’ the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.
“ ‘ “Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the ease, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.” ’ ”
(Quoting Ex parte Gauntt, 617 So.2d 204, 221 (AIa.1996) (Maddox, J., dissenting), quoting in turn Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).) Though Ex parte First Family Financial applied the doctrine of forum non conveniens under § 6-3-21.1, Ala.Code 1975, the same principles apply here.
“ ‘[I]n analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008).... Further, in examining whether it is the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).”
Ex parte Indiana Mills Mfg., Inc., 10 So.3d 536, 540 (Ala.2008). The interests of justice weigh in favor of Mississippi as the venue for this case.
Based on the foregoing, we hold that the trial court exceeded its discretion in denying the petitioners’ motion for a dismissal based on the doctrine of fonum non conve-niens. Accordingly, we grant the petition for a writ of mandamus and direct the trial court to enter an order dismissing the case without prejudice. “A dismissal pursuant to § 6-5-430 without providing for the right of a plaintiff to refile would be contrary to the interests of justice, one of the *731 factors to be considered in ordering such a dismissal.” Ex parte Kia Motors, 881 So.2d at 401. As previously noted, the petitioners have consented to jurisdiction in Mississippi and have waived the statute-of-limitations defense, obviating the need for judicial action to protect Weir from assertion of that defense.
PETITION GRANTED; WRIT ISSUED.
STUART, PARKER, SHAW, WISE, and BRYAN, JJ., concur.
MURDOCK, J., concurs specially.
MOORE, C.J., dissents.