MOORE, Chief Justice
(dissenting).
I respectfully dissent. Generally, I do not believe a writ of mandamus is the proper vehicle to effect a change of venue under the doctrine of forum non conve-niens unless the petitioning party has positively proven that the trial court has exceeded its discretion by arbitrarily and capriciously refusing to transfer the'action to another forum. Ex parte Transportation Leasing Corp., 128 So.3d 722, 733-34 (Ala.2013)(Moore, C.J., dissenting); Ex parte Allied-Signal, Inc., 561 So.2d 1062, 1064 (Ala.1990)(“All of [the mandamus factors] must be ‘positively found’ to justify dismissal.... ”); and Ex parte Southern Ry., 556 So.2d 1082, 1091 (Ala.1989)(“Only when all factors are positively found to require dismissal should a case be dismissed.” (emphasis added)). However, a writ of mandamus is the proper vehicle to effect a change of venue when the plaintiff has commenced an action in an improper venue. Ex parte WMS, LLC, 170 So.3d 645, 649-50 (Ala.2014).
The defendants do not dispute that venue is proper in St. Clair County, the plaintiffs’ chosen forum. “When venue is appropriate in more than one county, the plaintiffs choice of venue is generally given” not just a little deference, but “great deference.” Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003)(emphasis added). Any involvement of Shelby County agencies and departments in responding to the accident here was likely insignificant. Kent Brascho, the principal of Kent Brascho Excavating, Inc. (“KBE”), resides in St. Clair County, where KBE once had its principal place of business. The plaintiffs argue that- the defendants’ acceptance of allegedly flawed designs for the dam occurred in St. Clair County and that Brascho’s alleged failure to supervise and direct KBE’s employees during construction of the dam occurred, in part, in St. Clair County, where Brascho hired, trained, retained, supervised, or directed KBE’s employees. Finally, the plaintiffs contend, Brascho resides in St. Clair Coun *645 ty and is in poor health. In light of these allegations, is it fair to say that the trial court was acting arbitrarily and capriciously when it denied the defendants’ motion to transfer the case from St. Clair County to Shelby County? I think not. Therefore, I dissent.